## 25707. YORK v. THE STATE.

Nichols, Justice. The present appeal was filed after Willard York was convicted of the murder of Harold Edwin Trotter and his motion for new trial, based on the usual grounds only, overruled. The sole enumeration of error complains of the judgment overruling the motion for new trial.

There was evidence of two eyewitnesses that the defendant fired the fatal shot, that at the time the shot was fired the victim was sitting in the passenger's seat of a pick-up truck and the defendant standing outside the door of the truck, that some words had passed previously between the defendant and the victim but that the victim and one of the witnesses were leaving (the witness being in the process of starting the engine of the truck) when the defendant raised the pistol and threatened the victim, lowered the pistol and then raised it again and fired, the bullet striking the victim in the forehead.

While the defendant in his unsworn statement told of the victim and one of the witnesses physically striking and kicking him just prior to the shooting as well as of threats made by the victim, the State presented evidence that no one struck, kicked or otherwise touched the defendant in any manner. "Provocation by threats will in no case be sufficient to free the person killing from the crime of murder, or reduce the homicide from murder to manslaughter, when the killing is done solely for the purpose of resenting the provocation thus given (*Cumming v. State*, 99 Ga. 662 (27 SE 177); *Green v. State*, 195 Ga. 759 (25 SE2d 502)); but, where the killing is claimed to have been done on account of a reasonable fear in the mind of the slayer, threats accompanied by menaces, though the latter do not amount to an actual assault, may in some instances be sufficient to arouse the fears of a reasonable man that his life is in danger, or that a felony is about to be perpetrated upon him. In all such cases the motive with which the slayer acted is for determination by the jury; and if it be claimed that the homicide was committed, not in a spirit of revenge, but under the fears of a reasonable man, it is for the jury to decide whether or not the circumstances were sufficient to justify the existence of such fear. *Cumming v. State,* supra; *Willingham v. State,* 169 Ga. 142 (149 SE 887); *Warrick v. State,* 125 Ga. 133

(53 SE 1027)." *Jarrard v. State,* 206 Ga. 112 (6a) (55 SE2d 706).

The jury was authorized to find the defendant guilty of murder and the trial court did not err in overruling the motion for new trial based on the usual general grounds only.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 9, 1970—DECIDED APRIL 9, 1970.

*Robert B. Thompson,* for appellant.

*Jeff C. Wayne, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.