## 38902. DOBBS v. BURNETTE.

Weltner, Justice.

The testatrix executed a will in March, 1980, leaving the bulk of her estate, including all her real property, to her daughter, the propounder, Alva Gene Dobbs, and naming her executrix under the will. Lawton M. Burnette, husband of the testatrix, filed a caveat, alleging that the testatrix lacked sufficient mental capacity to make a

will, and that the will was the product of the undue influence of the propounder. After a trial in the superior court, judgment was entered upon a jury verdict finding in favor of the caveator and against the will.

The two subscribing witnesses to the will (one of whom was the scrivener) testified that the testatrix appeared to be of sound mind at the time of execution and that they saw no indication that the will might be the product of another's influence. Her physician testified that he saw the testatrix on many occasions before and after the execution of the will (although he did not see her between May, 1979 and September, 1980) and that she consistently appeared to be of sound mind, except during a period of hospitalization in 1976 and during a short period before her death in 1981. He stated that, while hospitalized in 1976, she had suffered a stroke which resulted in a prolonged coma, but that subsequently she recovered, with her mental faculties intact, although somewhat weak physically. He stated that she was "unusually independent in her attitude" and "unusually prone to remain alert, oriented and aware. . . ."

The caveator testified that, in his opinion, the testatrix never recovered from her stroke in 1976; that she remained physically and mentally weak from that time through the date of execution of the will; that she was unable to cook, clean house, or take care of herself; that during this time the propounder frequently stayed with her and attended to all of her needs; that the propounder influenced her in her financial affairs; and that, with the propounder participating, the testatrix extended two unsecured loans, one to a real estate agent who assisted in the sale of her house, and one to the lawyer who later drafted the will in question. He further stated that (prior to 1976) he deeded a one-half interest in his house and property to the testatrix and that they agreed to make joint wills leaving everything to the survivor; that the wills were executed and placed in a lock box to which only he, the testatrix and (later) the propounder had access; that subsequently these wills disappeared and were replaced with the will in question. At the same time, he stated that after the testatrix' hospitalization, during the same period in which he alleged she lacked capacity to make a will, he discussed with her leaving all of their property to the propounder upon their own demise; and that he knew of no occasion when the testatrix had been influenced by anyone with respect to the disposition of her estate.

The propounder denied that she attempted to influence the testatrix with respect to her financial affairs or her will; that the testatrix was mentally incapacitated or physically unable to care for herself after her hospitalization; and that she had never taken anything out of the lock box or entered it outside the presence of the

caveator and the testatrix.

The facts of this case are quite similar to the facts in *Crews v. Crews,* 219 Ga. 459 (134 SE2d 27) (1963). As to the issue of undue influence, the following holding in *Crews* is dispositive: "[I]t is insufficient to show merely that the persons receiving substantial benefits under the instrument sought to be propounded occupied a confidential relationship to the testator and had an opportunity to exert undue influence. *Norman v. Hubbard,* 203 Ga. 530 (2) (47 SE2d 574). The indulgence of mere suspicion of undue influence cannot be allowed. *Hill v. Deal,* 185 Ga. 42, 45 (193 SE 858); *Whitfield v. Pitts,* 205 Ga. 259, 273 (53 SE2d 549). Even the evidence of undue influence over the mind and will of the testator at another time will not invalidate a will. Only such influence which exists *at the time of the purported will's execution* destroys the testator's freedom of volition so as to invalidate a will. *Northwestern University v. Crisp,* 211 Ga. 636, 648 (88 SE2d 26). . . . The factum of the will, the apparent testamentary capacity of the testatrix, and the voluntary execution of the will by her were testified to by all three attesting witnesses. This having been done, the burden of proof shifted to the caveators. *Butler v. Lashley,* 197 Ga. 461, 467 (29 SE2d 508). The caveators failed to carry that burden." 219 Ga. at pp. 464-465.

*Crews* governs also the issue of testamentary capacity: "The time to apply the test of testamentary capacity is the time of the execution of the will. . . . Testimony as to the testatrix' mental capacity at other times cannot break down the positive testimony of the subscribing witnesses establishing testamentary capacity. (Cit. omitted). The caveators assumed the burden of proving lack of testamentary capacity. The positive testimony of the subscribing witness . . . and of the others who gave their opinion as to the mental condition of the testatrix at the time the will was executed, that she did have the necessary testamentary capacity, was not overcome by the nonexpert witnesses, whose opinions were based upon facts from which the legal conclusion that the testatrix did not have the required testamentary capacity could not be drawn, testifying on behalf of the caveators." 219 Ga. at pp. 465-466.

We have reviewed carefully all the evidence and conclude that the caveator failed to meet his burden of proof as to undue influence and as to testamentary capacity. The verdict thus lacks evidence in support.

*Judgment reversed. All the Justices concur, except Gregory, J., who dissents.*

DECIDED OCTOBER 19, 1982.

*Fred A. Gilbert,* for appellant.
*Denmark Groover, Jr., David Mincey, Jr.,* for appellee.