41146. GLADSON v. THE STATE.
(322 SE2d 45)

SMITH, Justice.

James David Gladson, appellant, was found guilty and sentenced to life imprisonment for the murder of Jonathan Perry Boggs.[1] Appel-

---

[1] The crime was committed on January 15, 1983. The Fannin County jury returned its

lant's sole defense was based on accident. Appellant enumerates five errors: failure to charge on voluntary manslaughter and self-defense, introduction of previous criminal acts into evidence, and calling an unlisted and unsequestered witness in rebuttal. Finding no error, we affirm.

Appellant and Wanda Carver began dating in 1977, when they were 18 and 17 respectively. In 1979 they began living together but their relationship was anything but peaceful, and Carver often threatened to leave appellant. Carver testified that on one occasion appellant shot her when she threatened to leave him. He admitted firing the shot but claimed it was an accident. During the fall of 1982, appellant underwent knee surgery that left him unable to work. Carver left appellant soon after the surgery. When she told him that she was leaving, he pointed a shotgun at her face.

After the breakup, Carver agreed several times to go out with appellant. On one of those occasions, appellant told Carver that he would kill whoever she dated. At the same time he showed her a .45 caliber pistol.

Carver began to date Perry Boggs around January 1, 1983. Approximately two weeks later appellant saw Carver and Boggs sitting in Boggs' car, and appellant tried to jerk open the passenger door where Carver was sitting. Appellant wanted to know Boggs' name and what he was doing with his "old lady." After appellant calmed down, he invited Carver and Boggs for a beer. After they finished the beer, Boggs took Carver home. Appellant followed them to Carver's home, parked outside and waited. Later, when Carver and Boggs started to leave, they noticed appellant's van. Carver returned to the house and Boggs went outside alone. There were no eyewitnesses to the shooting; the only person to testify as to what occurred was the appellant. Appellant testified that he saw Boggs come out of the house, stop at his car, pick up something, and put it behind his back. Appellant placed his .45 caliber pistol in his waistband, fearing Boggs was concealing a weapon. Appellant also testified that Boggs cussed him and insisted that they fight, but appellant refused to fight with Boggs, saying, "I ain't startin' nothin' here in the yard." Appellant testified that Boggs then opened the door, pulled appellant out of the van, and slammed him up against the door. Appellant shoved Boggs backward and Boggs hit appellant on the left collarbone with a small baseball bat, causing him to fall to the ground. As he was attempting to get up, he pulled out the pistol and pointed it at Boggs and told Boggs to

verdict of guilty on November 30, 1983. A motion for new trial was filed on December 22, 1983, heard and denied on February 8, 1984. Notice of Appeal was filed February 28, 1984. The transcript of evidence was filed on March 16, 1984. The record was docketed in this court on May 3, 1984. The case was submitted on June 27, 1984.

drop the bat. Appellant said that Boggs swung the bat again hitting appellant's hand and pistol, causing the gun to fire one bullet that hit Boggs in the left hand and chest. Appellant said that he walked over to where Boggs had fallen, picked up the bat, and used it as a cane to help himself back to the van. Appellant then fled. He left the van at his father's house and took another car. Later he threw away the gun and the bat and left the state.

Dr. James Dawson, Assistant Director of the Georgia Crime Laboratory, testified that Boggs suffered from an entry wound on the back of his middle finger of his left hand and an exit wound on the palm side of the same finger. There was considerable gunpowder on the entry side of the wound indicating that the gun was within two to three inches of Boggs' hand when the shot was fired. The same bullet entered Boggs' chest just below the collarbone on the left side causing damage to both lungs. The pulmonary artery of the right lung was penetrated causing rapid and voluminous blood loss. Dr. Dawson testified that the gun had to be fairly sharply above and to the left of Boggs to have caused the injuries Boggs sustained. This testimony contradicted appellant's testimony that he was on the ground below Boggs when the gun fired. The bat that appellant contends Boggs was hitting him with was never found. Based on the evidence presented at trial, we find any rational trier of fact could have found appellant guilty of murder beyond a reasonable doubt under the standards of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. Appellant contends in enumerations of error one and two, that the trial court erred in refusing to give appellant's requested charges on voluntary manslaughter and self-defense. We find no error.

The entire thrust of appellant's defense was that of accident. When asked by the state, "is your testimony that this is all a horrible accident?" he responded, "Yes, sir." Appellant was the only person with Boggs and the only one who knew what happened. Never once did appellant testify or even indicate that he was acting "solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." OCGA § 16-5-2. He only testified as to an accident. We reject appellant's claim that he was engaged in mutual combat. His own testimony indicates that he did not want to fight. The evidence here does not raise an issue of voluntary manslaughter. See Kessel v. State, 236 Ga. 373, 374 (223 SE2d 811) (1976). The defenses of accident and self-defense are inconsistent. Boling v. State, 244 Ga. 825, 829 (262 SE2d 123) (1979). The trial court did not err in refusing to charge on voluntary manslaughter or self-defense in this case.

2. Appellant contends that it was error for the trial court to allow into evidence similar criminal acts.

For evidence of other criminal acts to be admissible, the state

must show two things. First, the defendant was the perpetrator of the independent crime. Second, there is a sufficient similarity or connection between the extrinsic act and the crime charged such that proof of the former tends to prove the latter. *Williams v. State,* 251 Ga. 749, 755 (312 SE2d 40) (1983). In this case appellant admitted that he shot Carver, therefore, the first condition was met. Second, the state showed that on two occasions, when appellant feared that Carver was going to leave him, he reacted by pointing a gun at her. One of those times he shot her and claimed it was an accident, just as he has claimed shooting Boggs was an accident. After proof of the two above stated conditions, evidence of the prior acts was admissible to prove motive, intent, absence of mistake or accident, plan or scheme, and identity. *Williams,* supra. At the time the evidence was introduced, the trial court instructed the jury that the evidence had been admitted only "for the purpose of showing motive or intent." We find no reversible error.

3. Appellant contends as his fourth enumeration of error that the above mentioned limiting instructions were confusing and burden shifting.

No objection was made in the trial court when the limiting instructions were given. If appellant was dissatisfied with the limiting instructions that he requested, he should have objected at the time the instructions were given. The Supreme Court, among other things, is a court for correction of errors of law committed in the trial court; we will not hear appellant's objection made for the first time here. *Starr v. State,* 229 Ga. 181, 183 (190 SE2d 58) (1972). We find no reversible error.

4. Appellant contends it was error to allow an unlisted and unsequestered state's witness to testify in rebuttal.

This court has long held that calling an unlisted witness in rebuttal is not error. *Depree v. State,* 246 Ga. 240, 243 (271 SE2d 155) (1980). The question regarding the unsequestered witness was answered adversely to appellant in *Jordan v. State,* 247 Ga. 328, 347 (276 SE2d 224) (1981), where we held, "a witness who has violated the rule of sequestration in a criminal case shall not be prevented from testifying." We find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 17, 1984 — REHEARING DENIED NOVEMBER 6, 1984.

*Mitchell, Coppedge, Wester, Bisson & Miller, E. Neil Wester III,* for appellant.

*George W. Weaver, District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn,* for appellee.