## A92A1325. KORITTA v. THE STATE.
### (424 SE2d 799)

SOGNIER, Chief Judge.

Kenneth Koritta was convicted of voluntary manslaughter in the shooting death of Bruce Blankenship. Koritta appeals from the denial of his motion for new trial, enumerating three errors in the court's charge to the jury.

The evidence adduced at trial established that on the night of February 8, 1991, paramedics responding to an emergency call from appellant's apartment found Blankenship seated on the living room couch with a .38 revolver in his right hand and a bullet wound in the back of his head. Blankenship was pronounced dead soon after he was taken to a hospital.

Appellant was questioned by police several times the next day. He first gave a statement indicating that Blankenship had shot himself while appellant was out of the room. Later that day, appellant gave another statement recounting that Blankenship had been visiting at appellant's apartment and drinking alcohol during the afternoon; that appellant came home from work at 6:00 p.m. and began drinking with him; that Blankenship found appellant's gun hidden in the couch cushions and began toying with and cocking the gun; that appellant tried to wrestle the gun from Blankenship and it fired in the ensuing struggle; and that he staged the suicide scene out of fear and panic. In the third statement, given that evening, appellant said he became angry when he found Blankenship cocking the gun because appellant's son was asleep in a chair in the room and his daughters were in their bedroom; that Blankenship angrily refused appellant's demand to return the gun; that they struggled over the gun and appellant grabbed it; that Blankenship fell forward and appellant fired the gun.

At trial, the medical examiner testified that the physical evidence was most consistent with appellant's third statement, as the condition of the wound suggested the gun had been fired from two to three feet away, but acknowledged the second version could not be completely ruled out. Appellant testified that he found Blankenship playing with the gun, that Blankenship refused his demands to put down the gun, and that appellant then lunged at Blankenship and they struggled. Appellant wrestled the gun from Blankenship and pushed him onto

the couch. Appellant testified that as he braced himself for a fight, the gun fired, hitting Blankenship in the back of the head. Appellant testified he did not intend to shoot the gun and had only intended to defend himself in a fight.

1. Appellant contends in two enumerations that the trial court erred by refusing his request to instruct the jury on self-defense and by charging the defense of accident without first allowing appellant to elect between the two defenses.

A defendant is ordinarily not entitled to charges on both self-defense and accident because the defenses are inconsistent. The essence of the defense of accident is that the defendant's act was not intentional. Conversely, with the defense of self-defense the defendant admits the act was intentional but claims it was justified based on the legal excuse that the defendant acted from reasonable fear of immediate serious harm. *Culbreath v. State*, 258 Ga. 373, 376 (4) (369 SE2d 29) (1988). *Culbreath* does not support appellant's contention that the court is required to allow the *defendant* to select the proper charge. The *Culbreath* decision was based not on the question of who — the defendant or the court — chooses the charge, but on the principle that the charge given must be supported by the evidence. In *Culbreath*, the court compelled the defendant to choose between the two charges because they are inconsistent and the defendant had not presented sufficient evidence to enable the court to make the selection.

Here, the court was authorized to conclude that the evidence, particularly appellant's testimony, was consistent with the defense of accident. Although appellant testified he feared a *fight* with Blankenship, he repeatedly stated that the *shooting* was accidental. Accordingly, appellant was not entitled to a charge on self-defense, and the court did not err by electing to charge on accident. See id. at 376-377 (4).

2. During the trial, the court permitted appellant to introduce evidence of Blankenship's tendency to become belligerent and verbally abusive when he drank alcohol, but refused appellant's request to charge the jury that they could consider Blankenship's "reputation for violence and turbulence in considering the reasonableness of the accused's apprehension of danger and fear at the time of this incident." At the time of appellant's trial, Georgia law provided that evidence of the victim's violent character and general reputation for violence may be admitted upon " 'a prima facie showing that the victim was the aggressor; that the victim assaulted defendant; and that defendant was honestly seeking to defend himself.' [Cit.]" *Hill v. State*,

259 Ga. 655, 657 (4) (386 SE2d 133) (1989).[1] We need not decide whether the jury instruction appellant requested is ever required when evidence of violent character is properly admitted because we ruled in Division 1 that appellant's testimony was consistent with the defense of accident, not self-defense or justification. Since he contended that the shooting was an accident, not an act of self-defense, the refusal to give a charge that might be relevant to a case involving the defense of self-defense or justification was not reversible error.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 22, 1992 —
RECONSIDERATION DENIED NOVEMBER 10, 1992

*Michael Sheffield*, for appellant.
*Robert E. Wilson, District Attorney, J. George Guise, Elisabeth G. Macnamara, Assistant District Attorneys*, for appellee.

---

[1] The Supreme Court has since ruled that when the defense of justification is proffered, the defendant may, as appellant unsuccessfully sought to do at his trial, proffer evidence concerning prior specific acts of violence by the victim. *Chandler v. State*, 261 Ga. 402, 407 (3) (b) (405 SE2d 669) (1991).