## S93G0343. KORITTA v. THE STATE.

(438 SE2d 68)

BENHAM, Justice.

After being indicted for malice murder and felony murder in connection with the homicide of a visitor to his home, appellant was convicted of voluntary manslaughter. While the trial court gave appellant's requested instruction on accident, it refused to give a requested charge on justification. The Court of Appeals affirmed appellant's conviction. *Koritta v. State*, 206 Ga. App. 228 (424 SE2d 799) (1992). We granted appellant's application for certiorari to determine whether the failure to give the charge on self-defense was correct in light of our recent decision in *Turner v. State*, 262 Ga. 359 (418 SE2d 52) (1992).

The defense of "accident" is defined in OCGA § 16-2-2:

A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence.

OCGA § 16-3-21 (a) defines justification:

A person is justified in threatening or using force against another when and to the extent he reasonably believes that such threat or force is necessary to defend himself or a third

person against such other's imminent use of unlawful force; however, a person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself or a third person or to prevent the commission of a forcible felony.

In *Turner*, the trial court gave a charge on justification, but refused to charge on accident. In reversing the judgment, we acknowledged that accident and self-defense generally are not involved in the same case, but noted that both are present where one who is armed with a weapon claims it accidentally discharged while he was defending himself from another party. Id. at 360. We held that where there is evidence of both justification and accident, and timely requests for instructions on both topics have been made, the trial court should instruct the jury as to both. Id. at 361. See also *Head v. State*, 262 Ga. 795 (6) (426 SE2d 547) (1993).[1]

In the case at bar, appellant testified that the victim, who outweighed him by seventy-five pounds, was fifteen years younger, and was "a mean drunk," had been drinking in appellant's home for approximately six hours while appellant was at work. While watching television with appellant during the evening, the victim found the loaded gun appellant kept hidden under a couch cushion and began to spin the chamber and aim the gun at the TV set. After the victim ignored appellant's pleas to put the gun down, appellant, fearing for his own safety and that of his children (appellant's three-year-old son was asleep in a chair in the room and appellant's three daughters were watching TV in an adjoining room) struggled with the victim to gain control of the gun. Appellant managed to wrest the gun from the victim and the victim fell to the floor, at which time he verbally threatened appellant. As the victim was arising from the floor and coming at appellant, appellant turned his body to ward off an anticipated blow from the victim. Appellant's body "jerked," and the gun fired, killing the victim. When asked if the homicide was accidental or done in self-defense, appellant responded, "A little bit of both. I was defending myself; he come up and the gun went off. I didn't want to shoot nobody. . . ."

Slight evidence is sufficient to authorize a charge on a subject. *Camp v. Phillips*, 42 Ga. 289 (1871). The evidence necessary to justify

---

[1] In so ruling, we implicitly overruled *Curry v. State*, 148 Ga. 559 (97 SE 529) (1918); *Griffin v. State*, 183 Ga. 775 (190 SE 2) (1937); *Boling v. State*, 244 Ga. 825 (9) (262 SE2d 123) (1979); and *Gladson v. State*, 253 Ga. 489 (1) (322 SE2d 45) (1984), wherein this court held that accidental homicide and self-defense were inconsistent and thus not appropriate in the same case.

a jury charge need only be enough to enable the trier of fact to carry on a legitimate process of reasoning. *Holland v. Long & Brother*, 57 Ga. 36, 41 (1876). Where evidence is presented that a homicide resulted from a reasonable fear in the mind of the defendant that the victim was intending to kill or inflict great bodily harm upon the defendant or his children, the issue of justifiable homicide is present. *McDaniel v. State*, 209 Ga. 827 (1) (76 SE2d 500) (1953). Threats accompanied by menaces not amounting to an actual assault may be sufficient to arouse a reasonable person's fear that his life is in danger. *York v. State*, 226 Ga. 281 (174 SE2d 418) (1970). In such a case, it is for the trier of fact to determine whether the circumstances were sufficient to justify the existence of such a fear. Id. See also *Moore v. State*, 228 Ga. 662 (1) (187 SE2d 277) (1972) (wherein this court stated "the motive with which the slayer acted is for determination by the jury"). All the surrounding facts and circumstances, especially the conduct of the parties at the scene of the homicide, are relevant to the jury's consideration of the defendant's assertion of justification. See *Holley v. State*, 191 Ga. 804 (12) (14 SE2d 103) (1941). Where a defendant testifies that he did not intend to kill the victim, but the victim was killed by an act of the defendant committed while the defendant was engaged in an intentional attempt to protect himself and others from death or great bodily harm at the hands of the victim, a charge on justification is appropriate since the acts immediately preceding the allegedly unintentional homicide were intentional, forcible and self-defensive. See *Turner v. State*, supra at Div. 2 (b). As there is evidence to support a finding that the shooting was either accidental or justified, it was for the jury, under proper instruction, to determine the truth from among the conflicting available inferences.[2]

Inasmuch as there was evidence from which the jury could conclude that the victim was killed while appellant was using force he reasonably believed was necessary to prevent the victim from killing or inflicting great bodily harm upon himself and/or his children, a charge on justification should have been given.

*Judgment reversed. All the Justices concur, except Sears-Collins, Hunstein and Carley, JJ., who dissent.*

CARLEY, Justice, dissenting.

"Generally, either accident or self defense will be involved in a case, but not both." *Turner v. State*, 262 Ga. 359, 360 (2) (b) (418 SE2d 52) (1992). Since *Turner*, we have consistently adhered to the

---

[2] Other "mutually exclusive" or "inconsistent" defenses are presented to the jury when there is evidence to support both. See, e.g., *Bangs v. State*, 198 Ga. App. 404 (1) (401 SE2d 599) (1991); *Simmons v. State*, 172 Ga. App. 695 (1) (324 SE2d 546) (1984) (mutual combat and self-defense).

proposition that it is a "rare" case in which the evidence will authorize a charge on both defenses. See *Strong v. State*, 263 Ga. 587 (2) (436 SE2d 213) (1993). In my opinion, this is *not* one of those "rare" cases which falls outside of the general rule. Accordingly, I must respectfully dissent.

Appellant's testimony wherein he characterized what occurred that evening as involving "[a] little bit of both [self-defense and accident]" is factually undisputed when viewed from the standpoint of the entire sequence of events. Under appellant's testimony, he had initiated a struggle, acting in the belief that the lives of his children and himself were endangered by the gun-wielding victim. It is undisputed, however, that *no* shot was fired during this struggle, which *ended* with appellant securing *control* of the gun from the victim. Compare *Turner v. State*, supra. After gaining control of the gun, appellant anticipated a hostile response from the victim. It is also undisputed, however, that appellant's preparation to meet the victim's anticipated hostile response did *not* include any employment of the gun. He unequivocally testified that he "did not intend to use the gun to defend [himself]." Appellant repeatedly and consistently testified that he had *not* aimed the gun, that he had *no* intention of firing it and that the gun had discharged *accidentally* after it had been wrested from the control of the victim. Thus, it is undisputed that appellant's possession of the gun was a mere incident of his *previous* defensive struggle with the victim and was *not* an element of appellant's self-defense against the victim's anticipated continuation of that struggle. Accordingly, the events involved "[a] little bit of both [self-defense and accident]" in the *factual* sense that appellant was *initially* struggling with the victim over the gun and, after he gained control of the gun, it *subsequently* discharged accidentally. The issue for resolution is, however, whether this undisputed evidence would authorize a finding that the homicide was *legally* "[a] little bit of [both self-defense and accident]." "Whether both [self-defense and accident] are involved is initially a *question of law* for the trial court." (Emphasis supplied.) *Turner v. State*, supra at 361 (2) (c).

I believe that this undisputed evidence authorizes *only* a charge on accident because, in my opinion, *Turner* should be limited to the "rare" case wherein there is evidence that a shot was fired as the *accidental* result of an actual *on-going* defensive struggle over *control* of a gun. Only in that "rare" instance can it be said that there is such a concurrence of self-defense and accident as to justify a charge on both defenses. Where, as here, it is undisputed that the defendant had *control* of the gun at the time that the shot was actually fired, the gun was either fired intentionally in self-defense *or* it accidentally discharged. Entirely unlike the situation where a shot is fired during the course of an on-going defensive struggle over control of a gun, a gun

which is in the undisputed control of a defendant cannot be intentionally fired in self-defense *and* simultaneously discharged accidentally. Either the defendant intentionally pulled the trigger of the gun which he controlled or he did not. Under appellant's undisputed testimony, the defensive struggle over control of the gun was over when the gun discharged accidentally. Thus, in this case, only a charge on accident was authorized.

Under the majority's extension of *Turner*, it is no longer the "rare" case in which a charge on both self-defense and accident must be given. A charge on *both* defenses must now be given in every case wherein there is some evidence of an initial defensive struggle over a gun and a subsequent accidental shooting, regardless of whether the defendant had undisputed control of the gun at the time the shot is fired. It is my opinion that, consistent with *Turner*, a charge on both defenses should continue to be limited to the "rare" case wherein there is some evidence that the gun *discharged accidentally* while the defendant was *simultaneously defending himself* by struggling over control of a gun. Since this is clearly *not* such a "rare" case, I must respectfully dissent to the reversal of appellant's conviction for the failure to give an unauthorized additional charge on self-defense.

I am authorized to state that Justice Sears-Collins and Justice Hunstein join in this dissent.

DECIDED JANUARY 10, 1994.

*Michael M. Sheffield*, for appellant.

*J. Tom Morgan, District Attorney, J. George Guise, Gregory J. Giornelli, Assistant District Attorneys*, for appellee.