## S95A0988. GODWIN v. GODWIN et al.

(463 SE2d 685)

HINES, Justice.

This is a dispute between a mother and son over ownership of land. On December 12, 1986, Vada Westberry Godwin purportedly executed a deed conveying a life estate in approximately 245 acres to her son, Joe Earl Godwin, with the remainder in fee simple to his three children. She reserved for herself a life estate and the right to harvest timber. The deed was not recorded.

On September 20, 1990, the mother executed a second deed to the same land in favor of Joe Earl, her other son, Carroll Godwin, and her daughter, Mary Godwin Bird. Joe Earl found out about the 1990 deed at a family gathering on March 12, 1992. An altercation ensued and the mother sustained injuries allegedly caused by Joe Earl.

The mother filed an action seeking to enjoin Joe Earl from entering upon the land. Joe Earl then recorded the 1986 deed on May 21, 1992. The mother amended her complaint, and sought to set aside the 1986 deed to Joe Earl and his children on the grounds of forgery, fraud in the procurement, undue influence, duress, mistake, and inadequacy of consideration. Subsequently, Joe Earl filed a complaint against his brother and sister seeking to set aside the 1990 deed. The cases were consolidated for trial. The jury returned a general verdict setting aside the 1986 deed, but did not specify on which basis it did so. Joe Earl appeals, challenging the sufficiency of the evidence to support the verdict and the court's instructions to the jury. We reverse because of the jury charge.

1. The trial court erred when it charged regarding inadequacy of consideration and disparity of mental ability between contracting parties which is required to set aside a deed. The trial court charged the essence of OCGA § 23-2-2.

> Great inadequacy of consideration, joined with great disparity of mental ability in contracting a bargain, may justify equity in setting aside a sale or other contract [or deed].

The court further charged:

> Now a difference in mental ability does not mean that one person must be mentally incompetent, insane, or suffering from some mental or emotional impediment. What it means is that the mental ability of one person is less than the mental ability of the person with whom he or she is being compared.

This was confusing and misleading because it instructed the jury that it might set aside a deed if it found the mental ability of one

party merely less than the mental ability of the party with whom he or she is being compared.

"Mere inadequacy of consideration alone will not void a contract." OCGA § 13-3-46. In order to set aside a contract in equity "[g]reat inadequacy of consideration, joined with great disparity of mental ability . . ." must be established. OCGA § 23-2-2.

The giving of this charge was error also because there was no evidence to warrant it. *Strickland v. Howard*, 214 Ga. App. 307, 309-310 (447 SE2d 637) (1994). Simply, there was no evidence of a great disparity of mental ability between the mother and Joe Earl at the time the 1986 deed was executed. Although the mother was 81 years old at that time, the record is devoid of evidence showing her to have had any diminished mental ability. To the contrary, all evidence regarding the mother's mental ability indicated that she was alert and competent to contract. In fact, when the attorney who drafted the 1986 deed testified as to her good health and mental alertness during that year, her counsel responded "[s]he still is, isn't she?" Moreover, she was 85 at the time she executed the 1990 deed she sought to uphold.

Because the case was submitted to the jury with an erroneous instruction regarding one theory of recovery, and because there was no evidence to support that theory even if correctly charged, "the [general] verdict cannot stand for the reason that this court cannot determine whether the verdict was entered upon a proper basis." *Ga. Power Co. v. Busbin*, 242 Ga. 612, 617 (250 SE2d 442) (1978).

2. The remaining contentions of error are either rendered moot by our decision in Division 1 or are matters of the evidence upon retrial.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 20, 1995.

*Richard Phillips, J. Alvin Leaphart,* for appellant.
*Robert B. Smith,* for appellees.