S97A0344. McCONNELL et al. v. MOORE.

(483 SE2d 578)

CARLEY, Justice.

As the result of injuries she sustained in a car crash, Ms. Jane McConnell died in June 1995. Her survivors (Caveators) included a niece, Ms. Ann Alexander, and a nephew, William McConnell. Ms. McConnell's will devised and bequeathed most of her property to Don Moore (Propounder) and Ellis Loyd, rather than to Caveators. Propounder and Mr. Loyd had been friends with and business associates of Ms. McConnell for many years. When Propounder offered Ms. McConnell's will for probate, Caveators challenged its validity on the ground of undue influence. Propounder moved for summary judgment and Caveators appeal from the trial court's grant of that motion.

Because of the long-standing personal friendship and business association between Ms. McConnell and Propounder and Mr. Loyd, each undoubtedly had some measure of influence over the other. However, Propounder's or Mr. Loyd's mere influence over Ms. McConnell is not a relevant issue here, since it is only undue influence that invalidates a will. Influence is considered undue only if " 'it constrains or coerces a person into doing that which his best judg-

---

ment tells him not to do and deprives him of his free agency and substitutes the will of another person for his own.' [Cit.]" *Sims v. Sims*, 265 Ga. 55, 56 (452 SE2d 761) (1995). Moreover, a will can be invalidated only by such undue influence as operates on the testatrix's mind at the time she executes the document. *Boland v. Aycock*, 191 Ga. 327, 329 (12 SE2d 319) (1940).

Construing the evidence most favorably for Caveators, there is no direct evidence that Propounder or Loyd exercised undue influence over Ms. McConnell before or at the time she executed her will. Caveators rely instead upon the presumption of undue influence which arises when a confidential relationship exists between the testatrix and a beneficiary who is not the natural object of her bounty and who takes an active part in the preparation of her will. *Bryan v. Norton*, 245 Ga. 347, 348 (1) (265 SE2d 282) (1980). Even assuming that there was a confidential relationship between Ms. McConnell and Propounder or Mr. Loyd, there is no evidence that either played an active part in the planning or execution of her will. Compare *Joseph v. Grisham*, 267 Ga. 677 (482 SE2d 251) (1997); *Andrews v. Rentz*, 266 Ga. 782, 783 (3) (470 SE2d 669) (1996). To the contrary, the clear and positive evidence is that, being of sound mind, Ms. McConnell both planned and executed her will freely and voluntarily outside the presence of Propounder and Mr. Loyd and that, before doing so, she specifically disavowed that she was under the influence of anyone. Neither honest persuasion nor argument constitutes undue influence "in the absence of fraud or duress when the testat[rix] has the mental capacity to choose between [her] original intention and the wishes of the other person. [Cit.]" *Sims v. Sims*, supra at 56.

Caveators assert as circumstantial evidence of undue influence the fact that the attorney who drew the will for Ms. McConnell was also the attorney for Propounder. Considering their close long-term relationship, there is nothing unusual in the fact that Ms. McConnell and Propounder would share the same attorney. Moreover, the attorney also had served as the legal representative of Ms. McConnell's business interests for a number of years and, as a shareholder therein, he had allied himself with her. It is, therefore, not surprising that she would turn to him to draw her will. See generally *Yancey v. Hall*, 265 Ga. 466, 468 (2) (458 SE2d 121) (1995). Likewise, the mere fact that it was always Propounder who drove Ms. McConnell to her attorney's office is consistent with their long-term relationship and is not evidence of his undue influence over her, since it is undisputed that on no occasion did he take an active part in any testamentary planning or the execution of the will itself.

"It is insufficient to show merely that the persons receiving

substantial benefits under the instrument sought to be propounded occupied a confidential relationship to the testat[rix] and had an opportunity to exert undue influence. The indulgence of mere suspicion of undue influence cannot be allowed. Even the evidence of undue influence over the mind and will of the testat[rix] at another time will not invalidate a will." [Cit.]

*Dean v. Morsman*, 254 Ga. 169, 173 (2) (327 SE2d 212) (1985).

"Because '(t)he right to make a will is a valuable right,' a stringent standard must be met to deprive a person of this power. [Cit.]" *Sims v. Sims*, supra at 55. Ms. McConnell cannot be deprived of that power where, as here, there is no direct evidence of any undue influence exercised over her, but there is clear and uncontradicted evidence that she was of sound mind, that she signed her will freely and voluntarily, and that neither Propounder nor Mr. Loyd actively participated in the planning or execution of her will. *Sims v. Sims*, supra; *McGee v. Ingram*, 264 Ga. 649, 650 (1) (448 SE2d 439) (1994); *Mitchell v. Hillsman*, 241 Ga. 289 (244 SE2d 871) (1978). Compare *Skelton v. Skelton*, 251 Ga. 631, 634 (5) (308 SE2d 838) (1983) (propounder discussed will with testator and was present when will was executed; testator was subject to delusions).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 14, 1997.

*McClure, Ramsay & Dickerson, Allan R. Ramsay,* for appellants.
*Ellis, Easterlin, Peagler, Gatewood & Skipper, Paul O. Farr, Adams, Clifton, Sanders & Smith, Janey E. Sanders,* for appellee.