### S99A1186. KENDRICK-OWENS v. CLANTON et al.
(524 SE2d 237)

SEARS, Justice.

This case concerns whether there is sufficient evidence to support a jury verdict setting aside the will of Alene Kendrick. The caveators attacked the will based upon undue influence and lack of testamentary capacity, and the jury returned a general verdict in favor of the caveators. Because we conclude that there was insufficient evidence of undue influence, the general verdict setting aside the will must be reversed since we " 'cannot determine whether the verdict was entered upon a proper basis.' "[1]

Alene Kendrick executed her will on March 6, 1996, and died in November 1996. Alene's will left most of her estate to her youngest daughter, appellant Carolyn Kendrick-Owens, to the exclusion of her

---

[28] See *Goldrush II v. City of Marietta,* 267 Ga. 683, 694-699 (482 SE2d 347) (1997).
[29] Id. at 694-699.
[1] *Godwin v. Godwin,* 265 Ga. 891, 892 (463 SE2d 685) (1995) (quoting *Ga. Power Co. v. Busbin,* 242 Ga. 612, 617 (250 SE2d 442) (1978)).

other daughter, appellee Dora Clanton Sharpe, and her son, appellee William Clanton. Kendrick-Owens sought to probate the March 6, 1996 will, but the appellees filed a caveat, contesting the will on the grounds of undue influence and lack of testamentary capacity. A jury returned a verdict in favor of the appellees, but the verdict form did not specify whether the jury did so based upon undue influence or lack of testamentary capacity or both.

To set aside a will and thus deprive a person of the valuable right to make a will, a stringent standard must be met.[2] With regard to undue influence, we have held that

> [i]nfluence is considered undue only if " 'it constrains or coerces a person into doing that which his best judgment tells him not to do and deprives him of his free agency and substitutes the will of another person for his own.' [Cit.]" *Sims v. Sims*, 265 Ga. 55, 56 (452 SE2d 761) (1995). Moreover, a will can be invalidated only by such undue influence as operates on the testatrix's mind at the time she executes the document. *Boland v. Aycock*, 191 Ga. 327, 329 (12 SE2d 319) (1940).[3]

Construing the evidence most favorably to the appellees, we conclude that the evidence is insufficient to support a finding of undue influence under the foregoing definition. In this regard, no witness testified that they ever heard Kendrick-Owens discuss the issue of changing Alene's will with her. Although there was some evidence that Kendrick-Owens had a domineering personality, and that Alene had diminished mental capacity at some points before and after she executed her will, there was evidence from both Alene's attorney and her long-time physician that at the time Alene executed her will she was lucid and of sound mind. Alene's attorney also stated that he met privately with Alene on two occasions; that on the first occasion, Alene brought a will she had executed in 1989, and explained to him the changes she wanted made to it and the reasons for those changes; and that the second time he met with Alene, it was to go over the new will and execute it. The attorney, who also witnessed the will, testified that he went over the contents of the will with Alene before she signed it. He stated that Alene understood the contents of the will and what she wanted to do and explained the reasons for her testamentary desires to him, to the other witness to the will, and to the person who notarized the will. Alene's attorney also stated that it

---

[2] *Bohlen v. Spears*, 270 Ga. 322, 324 (509 SE2d 628) (1998); *McConnell v. Moore*, 267 Ga. 839, 841 (483 SE2d 578) (1997).

[3] *Bohlen*, 270 Ga. at 324 (quoting *McConnell*, 267 Ga. at 839-840).

was his opinion that Alene executed the will freely and voluntarily. The attorney added that Kendrick-Owens never discussed Alene's will with him. The second witness to the will and the notary both testified that they were present when Alene's attorney went over each item of the will; that they heard Alene explain her reasons for the testamentary dispositions; that Alene appeared to be of sound mind; and that Alene appeared to "be doing what she wanted to do."

Having reviewed the record, and bearing in mind that a will can be invalidated only when undue influence operates on the testatrix's mind at the time she executes her will, we conclude that the evidence is insufficient to show that, at the time Alene executed her will, Kendrick-Owens constrained or coerced Alene into making a will that Alene's judgment told her not to do or that Kendrick-Owens deprived Alene of her free agency and effectively substituted her will for that of Alene.[4] In this regard, the mere fact that Kendrick-Owens drove Alene to her attorney's office on the two occasions in question "is consistent with their long-term relationship and is not evidence of [her] undue influence over her, since it is undisputed that on no occasion did [Kendrick-Owens] take an active part in any testamentary planning or the execution of the will itself."[5] Moreover, in concluding that the evidence is insufficient to support a finding of undue influence, we bear in mind that the fact that Kendrick-Owens had an opportunity to exert undue influence is insufficient to support a finding thereof.[6] " 'The indulgence of mere suspicion of undue influence cannot be allowed. Even the evidence of undue influence over the mind and will of the testat[rix] at another time will not invalidate a will.' "[7]

For the foregoing reasons, we conclude that the evidence is insufficient to meet the stringent standard necessary to set aside Alene's will based upon a finding of undue influence. Finally, because the finding of undue influence is not supported by the evidence and because the verdict was a general one setting aside the will and did not specify whether the jury based its verdict solely on undue influence, solely on a lack of testamentary capacity, or on both of these grounds, we must reverse the judgment since we " 'cannot determine whether the verdict was entered upon a proper basis.' "[8]

*Judgment reversed. All the Justices concur.*

---

[4] *Bohlen,* 270 Ga. at 324-325; *McConnell,* 267 Ga. at 839-841.

[5] *McConnell,* 267 Ga. at 840.

[6] Id. at 840-841.

[7] Id. at 841 (quoting *Dean v. Morsman,* 254 Ga. 169, 173 (2) (327 SE2d 212) (1985)).

[8] *Godwin,* 265 Ga. at 892 (quoting *Busbin,* 242 Ga. at 617).

DECIDED NOVEMBER 22, 1999.

*Howard, Carswell & Bennett, Kenneth R. Carswell,* for appellant.

*Robert B. Smith,* for appellees.