## A00A1305. MULLIS et al. v. MULLIS.
(539 SE2d 189)

BARNES, Judge.

Doris Mullis sued her brother-in-law and his wife, R. M. and Anna Liza Mullis, seeking the return of 46.51 acres she deeded to them ten days after her husband died. After a trial at which neither R. M. nor Anna Liza Mullis testified, the jury found for Doris Mullis and ordered the return of the land, along with two vehicles and a riding lawnmower. R. M. Mullis appeals the judgment entered on the verdict. We affirm.

The evidence showed that Doris Mullis, who was 83 years old as of the trial, was married to Wilbon Mullis in 1933. They bought approximately fifty acres of land, and Mr. Mullis deeded three-quarters of an acre to his brother, R. M. Mullis. The couple had no children. Mrs. Mullis testified that Wilbon died on February 1, 1997, although he actually died on February 1, 1998. He left all his property to his wife. Ten days after her husband died, R. M. and Anna Mullis took Doris Mullis to her bank, where she put their names on her checking account, and twice to a lawyer's office, where she deeded to them the 46.51 acres she had inherited, along with a car, a truck, and a riding lawnmower. She also gave R. M. Mullis, who was 66 years old, a general power of attorney. R. M. Mullis bought a new car for $22,000 and a new air conditioner for almost $6,000, using funds from Doris Mullis's bank account. She subsequently approved those expenditures, but then removed their names from her bank account.

Doris Mullis testified that she did not recall having gone to the lawyer's office, did not give the defendants her house or vehicles, and did not know what it meant to probate a will or what a power of attorney was. When asked if she told the lawyer she wanted to give her house to the defendants, she replied, "No, ma'am. I'd been crazy to have done something like that." The defendants did not testify, although they called as witnesses the lawyer who prepared the probate papers, deeds, and power of attorney, and the customer service employee at Doris Mullis's bank who added and then removed them from Doris Mullis's checking account. Both defense witnesses testified that R. M. and Anna Mullis brought Doris Mullis to the appointments and were present during the entire time. The bank employee noted that Doris Mullis was upset and cried when she talked of her husband's recent death.

1. The appellants contend that the trial court erred in charging the jury under OCGA § 23-2-2 as follows: "I charge you that great inadequacy of consideration joined with great disparity of mental ability in contracting a bargain may justify equity in setting aside a deed or conveyance." They argue that Doris Mullis presented no evi-

dence showing a "disparity of mental ability," and that a difference in age was insufficient, citing *Godwin v. Godwin*, 265 Ga. 891 (463 SE2d 685) (1995). In *Godwin,* the Supreme Court reversed a jury verdict setting aside a mother's deed of property to a son, holding that

> all evidence regarding the mother's mental ability indicated that she was alert and competent to contract. In fact, when the attorney who drafted the 1986 deed testified as to her good health and mental alertness during that year, her counsel responded "she still is, isn't she?"

Id. at 892 (1).

Unlike the situation in *Godwin*, however, evidence exists in this case showing a disparity in the mental ability of Doris Mullis, whose husband of 65 years had just died, and the mental ability of the appellants, who made the appointment with and took her to see the attorney who drafted the deed. While the attorney testified that he "felt like" he had his instructions from Doris Mullis about what she wanted done, his testimony revealed that he never spoke with his client alone. The bank employee who knew Doris Mullis testified that the widow was upset and crying about her husband's death when she came to the bank around the same time she visited the lawyer. Mullis also testified that she had no recollection of having gone to the lawyer's office or to the probate court, testimony the jury was entitled to consider in determining her mental ability when she deeded her entire estate to her brother-in-law and his wife.

Even slight evidence is sufficient to justify a charge. "The evidence necessary to justify a jury charge need only be enough to enable the trier of fact to carry on a legitimate process of reasoning." *Koritta v. State*, 263 Ga. 703, 704-705 (438 SE2d 68) (1994). The trial court did not err in giving this charge.

2. The appellants also contend that the evidence "wholly fails to support the verdict rendered," citing *Dobbs v. Burnette*, 250 Ga. 47 (295 SE2d 836) (1982), for support. However, the holding in *Dobbs,* as in *Kendrick-Owens v. Clanton*, 271 Ga. 731 (524 SE2d 237) (1999), also cited by appellants, is inapplicable to this case. Both of those cases involved the caveator to a will who presented no evidence that the beneficiary exerted undue influence on the testator at the time the will was made.

"Mental capacity to make a deed is a question of fact to be determined by the jury." *Fuller v. Stone*, 207 Ga. 355, 356 (1) (61 SE2d 467) (1950). As discussed above, the trial court did not err in concluding that Doris Mullis presented sufficient evidence of inadequacy of consideration and disparity of mental ability to submit the issue to the jury for resolution.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 11, 2000.

*W. Dennis Mullis*, for appellants.
*Harrison & Wall, Milton Harrison, Sarah F. Wall*, for appellee.