**Nina J. COURSEY, Plaintiff,**

v.

**Francesca PUDDA, Defendant.**

**No. CIV.A. CV203–078.**

United States District Court, S.D. Georgia, Brunswick Division.

Jan. 26, 2004.

---

---

Joseph C. Kitchings, Richard D. Phillips, Phillips & Kitchings, Ludowici, GA, for Plaintiff.

Tommy J. Smith, C. Lee Cannon, Jr., J. Frank Smith, Jr., Vidalia, GA, for Defendant.

## ORDER

ALAIMO, District Judge.

Plaintiff, Nina J. Coursey, brought this action against Defendant, Francesca Pudda, alleging that Pudda induced her husband by fraud or undue influence to name Pudda as beneficiary of his life insurance policy instead of Coursey. Presently before the Court is Pudda's motion for summary judgment. The motion will be **GRANTED**. Also before the Court is a related objection by Pudda to email attachments to Coursey's opposition to the motion for summary judgment. The objection will be **SUSTAINED**.

### FACTS

On December 28, 2002, John B. Coursey, III, completed a Servicemembers' Group Life Insurance ("SGLI") Election and Certificate in which he named Francesca Pudda as his principal beneficiary. The Election and Certificate was processed by the United States Navy on February 16, 2003. On March 5, 2003, John Coursey was fatally injured in a motorcycle accident in Sardinia, Italy. On March 28, 2003, Francesca Pudda submitted a Claim for Death Benefits. Nina Coursey, John Coursey's wife, alleges that Pudda induced John Coursey through undue influence, trickery, or illegal contract to change his beneficiary on his SGLI policy.

On May 27, 2003, Nina Coursey filed a Complaint against Prudential Life Insurance Company ("Prudential") for Life Insurance Policy in the Superior Court of Long County, Georgia. On May 27, 2003, Prudential removed the action, then brought a counter-claim and third-party action in interpleader against Pudda. By order of June 20, 2003, Prudential was directed to deposit into the registry of the Court the sum of $251,549.96 which represents the proceeds payable under Prudential's Group Policy for John Coursey. Upon depositing the sum with the Court, Prudential was discharged from any and all further liability under the group policy issued to John Coursey. Currently before

the Court is Pudda's motion for summary judgment.

### STANDARD FOR SUMMARY JUDGMENT

Pudda is entitled to summary judgment on her motion if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment." Fed.R.Civ.P. 56(c). On a motion for summary judgment, the initial burden is on the movant, who must make a case for the absence from the record of any material issue of fact. *Cohen v. United American Bank of Cent. Fla.*, 83 F.3d 1347, 1349 (11th Cir.1996). Once the movant has met this burden, the burden shifts to the non-movant, who must contradict the movant's showing by demonstrating that the evidence in the record before the Court would be sufficient to support a jury verdict in the non-movant's favor, assuming that all inferences are drawn, and any doubt regarding the credibility of evidence is resolved, in the non-movant's favor. *Id.; Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir.1996).

### DISCUSSION

As previously stated, Nina Coursey claims that Pudda induced her husband to change his life insurance beneficiary through undue influence or trickery. The first issue for the Court to address is whether federal law or state law should be used to analyze this issue. Undue influence is not discussed in the SGLI statute. *See* 38 U.S.C. § 1965 (2003). The parties have not argued specifically for the application of either federal or Georgia law. Coursey relies solely on federal law in her argument against summary judgment, while Pudda relies on both Georgia and federal law in her brief in support of summary judgment. The Eleventh Circuit has not addressed the issue of whether state or federal law applies to the issue of undue influence in a SGLI claim; however, in *Lyle v. Bentley*, 406 F.2d 325 (5th Cir. 1969), the Court applied Texas law on the issue of undue influence without discussion of the choice-of-law issue. *Id.* at 328[1]. Several other circuits in more recent opinions have applied federal law to SGLI claims. *See Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1246 (10th Cir.2001); *Prudential Ins. Co. of America v. Athmer*, 178 F.3d 473, 475 (7th Cir.1999); *Prudential Ins. Co. of America v. Tull*, 690 F.2d 848, 849 (4th Cir.1982). In *Rice*, the Tenth Circuit held that federal law governs the issue of undue influence, reasoning in part that:

SGLI is a federal program; in fact, technically the government rather than the serviceman is the policyholder .... As we have both a government contract and a federal statute ... the case for using federal law to answer the question of who is to receive the proceeds of the insurance policy is compelling.

Often a court asked to fill a gap in a federal statute will do so by borrowing a state's common law .... But borrowing state law would be a mistake in the case of soldiers' life insurance policies. Frequently ... the policy is issued wherever the soldier happens to be stationed when thoughts of mortality assail him .... It would be arbitrary to subject issues arising under the policy to the law of a particular state. Better that these policies should be governed by a uniform set of rules untethered to any particular jurisdiction. Congress's desire for uniformity is reflected in the statute's detailed provision ... regarding who shall

---

**1.** In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

receive the proceeds if a beneficiary is not named.

260 F.3d at 1245–46 (quoting *Athmer*, 178 F.3d at 475). The Court finds the reasoning in *Rice*, in addition to the lack of discussion of the issue by the Fifth Circuit in *Lyle*, persuasive for applying federal law to the issue of undue influence. However, applying either federal or Georgia law will have the same outcome in the present case.

Under federal law, undue influence is defined as "influence that is sufficient to overpower volition, destroy free agency, and impel the grantor to act against the grantor's inclination and free will. A showing of mere motive or opportunity to exert excessive control over another is not enough to make out a claim of undue influence." *Rice*, 260 F.3d at 1250. Under Georgia law, influence is considered "undue" only if "it constrains or coerces a person into doing that which his best judgment tells him not to do and deprives him of his free agency and substitutes the will of another person for his own." *Kendrick–Owens v. Clanton*, 271 Ga. 731, 732, 524 S.E.2d 237, 237–38 (1999); *see also* O.C.G.A. § 53–4–12. "Evidence that shows no more than an opportunity to influence falls short of showing the exercise of undue influence." *In re Copelan*, 250 Ga.App. 856, 868, 553 S.E.2d 278, 288 (2001).

Under either of these standards, Pudda is entitled to summary judgment. Nina Coursey has presented absolutely no evidence of undue influence or trickery with regard to John Coursey's beneficiary designation on his SLGI policy.[2] Rather, she relies simply on the closeness in time between the change of beneficiaries and John Coursey's death, his "suspicious" motorcycle accident, the unnaturalness of John Coursey's beneficiary, and an alleged illicit relationship between John Coursey and Pudda as grounds for denial of Pudda's motion. At most, her allegations support an opportunity for Pudda to influence John Coursey. She has failed to present any evidence that Pudda ever discussed the change of beneficiary with John Coursey before it happened. *See Rice*, 260 F.3d at 1250. Circumstances creating a mere suspicion of undue influence are insufficient to sustain a claim of undue influence. *Wheeless v. Gelzer*, 780 F.Supp. 1373, 1384 (N.D.Ga.1991).

### CONCLUSION

The Court has considered carefully the positions of both parties to this action. For the reasons set forth above, Pudda's motion for summary judgment (Doc. No. 23) is hereby **GRANTED**. Pudda's Objection to Plaintiff's Attachments (Doc. No. 32) is **SUSTAINED** and the twenty-six email attachments to Nina Coursey's Opposition to Pudda's Motion for Summary Judgment are hereby **STRICKEN** from the record. The Clerk is directed to enter appropriate judgment against Nina Coursey. Upon request by Pudda and upon providing the appropriate address to send the funds deposited by Prudential, the Court will issue an order directing the clerk to disburse the funds.

---

2. Nina Coursey attached to her affidavit in Opposition to Pudda's Motion for Summary Judgment copies of twenty-six emails allegedly written between John Coursey and his mother, Barbara Eimers. Pudda has filed an objection to these attachments on various grounds, including hearsay, relevancy, and authentication. The Court finds these emails are not relevant to the issue of undue influence that Pudda allegedly exercised over John Coursey. Pudda's objection to these attachments is **SUSTAINED**, and these attachments will be **STRICKEN** from the record.