307 Ga. 287
FINAL COPY

S19A1129.  GUERRERO v. THE STATE.

BLACKWELL, Justice.

Jesus Valentin Guerrero was tried by a Toombs County jury and convicted of murder and other crimes in connection with the fatal shooting of Shiann Nicole Cray. Guerrero appeals, claiming that the trial court erred when it refused to charge the jury on justification. Upon our review of the record and briefs, we see no reversible error and affirm.[1]

---

[1] Cray was killed on May 5, 2016. A Toombs County grand jury indicted Guerrero in August 2016 and charged him with murder with malice aforethought, murder in the commission of a felony, aggravated assault, theft by taking, three counts of the unlawful possession of a firearm during the commission of a felony, and two counts of cruelty to children in the first degree. Guerrero was tried in June 2018, and the jury found him not guilty of malice murder and one of the firearm possession counts but guilty of the other charges. In July 2018, the trial court sentenced Guerrero to imprisonment for life without parole for felony murder, a consecutive term of imprisonment for five years for the unlawful possession of a firearm during the commission of a felony, two consecutive terms of imprisonment for twenty years for cruelty to children, and a concurrent term of imprisonment for five years for theft. The aggravated assault and remaining firearm possession count merged with the felony murder. Guerrero timely filed a motion for new trial, which he amended in January 2019. The trial court denied the motion in February 2019. Guerrero timely filed a notice of appeal in March 2019. The case was docketed in this Court for the August 2019 term and submitted for decision on the briefs.

1. Viewed in the light most favorable to the verdict, the evidence shows that on the evening of May 4, 2016, police officers were dispatched to Cray's home in Santa Claus, a town just south of Lyons in Toombs County. Cray reported that Guerrero, her boyfriend, had threatened to kill her if she broke up with him.

The next day, Guerrero shot and killed Cray in her home (and with her own gun) while her two children — ages two and four — were present. Guerrero left the scene in Cray's car, leaving the children alone in the house with their mother's body, although he thereafter asked a friend to check on the children and retrieve (and destroy) Cray's cell phone. Guerrero fled to Savannah and then to Texas, where he was apprehended by law enforcement about eight miles from the Mexican border.

At trial, Guerrero's defense was that Cray accidentally shot herself during a struggle for her gun. Guerrero testified that Cray threatened him with her gun, that he attempted to get the gun away from her, and that the gun discharged accidentally during the struggle. Guerrero repeatedly testified that he never gained control

2

or possession of the gun as he struggled with Cray and that he did not shoot her intentionally or otherwise. The State presented evidence that Guerrero shot Cray from at least several feet away, that he strangled her before he shot her, and that he had previously made threats against her (both directly and in a conversation with a friend whom he told that he "[m]ight have to shoot his girlfriend" and needed "to know where he could hide a body").

Guerrero does not dispute that the evidence is legally sufficient to sustain his convictions, but consistent with our usual practice in murder cases, we nevertheless have reviewed the evidence and considered its sufficiency. Viewed in the light most favorable to the verdict, we conclude that the evidence adduced at trial is sufficient to authorize a rational trier of fact to find Guerrero guilty of the crimes of which he was convicted. See <u>Jackson v. Virginia</u>, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

2. In his sole enumeration of error, Guerrero claims that the jury could have found that the shooting was justified and, therefore, that the trial court erred when it charged the jury on accident but

refused his request to charge the jury on justification.[2] See OCGA § 16-3-21 (a). It is well established, however, that "[i]t is not error to refuse a justification charge where there is no evidence to support it." Green v. State, 302 Ga. 816, 818 (2) (a) (809 SE2d 738) (2018) (citation and punctuation omitted). And where the defense "is supported by only the slightest evidence and . . . is inconsistent with the defendant's own account of the events or with the main defense theory presented at trial," the failure to give a charge on the defense generally will be harmless in any event. McClure v. State, 306 Ga. 856, 866 (834 SE2d 96) (2019) (Nahmias, P. J., concurring).[3]

Guerrero argues that an instruction on justification was required by Koritta v. State, 263 Ga. 703, 705 (438 SE2d 68) (1994), but evidence was presented in Koritta that "the victim was killed *by an act of the defendant* committed while the defendant was engaged

---

[2] Guerrero also requested charges on voluntary manslaughter and involuntary manslaughter, but he does not contend that the trial court erred when it refused to give those charges.

[3] To be clear, we do not mean to suggest that a failure to charge on an affirmative defense is harmless *only* in these circumstances.

4

in an intentional attempt to protect himself." Id. (Emphasis supplied.) See also Byrd v. State, 277 Ga. 554, 560 (4) (592 SE2d 421) (2004) ("Significantly, in Koritta, we specifically held that an inference that the victim *was intentionally killed* in an act of self-defense was available from the evidence presented.") (Emphasis supplied.) Here, Guerrero's defense (and evidence) was that Cray shot herself, not that she was killed by his hand (intentionally or otherwise). Conversely, the State presented evidence that Guerrero intentionally shot Cray with her own gun from several feet away, and it did not argue that Guerrero did anything unlawful related to a struggle for the gun.

Pretermitting whether the trial court should have charged the jury on justification, it is highly probable that the jury would have reached the same verdict even had the trial court given the charge. In order to find that Guerrero killed Cray but was justified in doing so, the jury would have had to independently concoct a theory of Cray's death that was inconsistent with the State's theory of the case, inconsistent with Guerrero's own account of the events, and

5

instead based upon a combination of inferences from a variety of evidentiary sources, which no witness or lawyer at the trial ever suggested. As a result, any error in the trial court's failure to charge on justification was harmless. See McClure, 306 Ga. at 867 (Nahmias, P. J., concurring).

*Judgment affirmed.  All the Justices concur.*

DECIDED NOVEMBER 4, 2019.
Murder. Toombs Superior Court. Before Judge Reeves.
*Eliot J. Abt*, for appellant.
*S. Hayward Altman, District Attorney, Jessica B. Wilson, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.