S99A0719. CRUMBLEY et al. v. McCART.
(517 SE2d 786)

</div>

CARLEY, Justice.

After Mr. Eugene McCart (Testator) died in November of 1995, his brother Raymond McCart (Propounder) filed for probate a will executed in August of that year. Testator and Propounder were business partners who farmed several tracts of land which they owned as tenants in common. Propounder had a more dominant personality than Testator, and he made the appointments with the attorney who prepared the will. Propounder also was in attendance when Testator

executed his will. However, the explanation for Propounder's presence was the simultaneous execution of his own will. Shortly before signing the will, Testator had been hospitalized for a number of days. According to his physician, however, Testator's medical condition did not adversely affect his mental faculties, and he was alert and well oriented. The attorney who drew the will did not observe any indication that Testator was being unduly influenced by Propounder. Under the will's provisions, Propounder was the sole beneficiary. The estate consists primarily of Testator's interest in the realty which he and Propounder farmed and owned as tenants in common. Testator's other siblings (Caveators) filed a caveat, asserting that the will was the product of Propounder's undue influence. The probate court found in favor of Caveators but, on de novo appeal, the superior court, after conducting a bench trial, ruled in favor of Propounder and ordered the will admitted to probate. Caveators appeal from the superior court's order.

Caveators assert the applicability of a rebuttable presumption that Propounder exercised undue influence over Testator.

> "The rule that a presumption of undue influence arises, so as to cast on the grantee the burden of showing its absence, in those cases where the parties sustained a confidential relationship, the grantor being of weak mentality, and the party reaping the benefit occupying a dominant position, has been often recognized by the courts." [Cit.]

*Tingle v. Harvill*, 228 Ga. 332, 339-340 (5) (185 SE2d 539) (1971). However, "the protection of law in reposing this confidence . . . is applicable only to the parties while the relationship exists and with reference to the matter involved in that relationship." *Lewis v. Foy*, 189 Ga. 596, 600 (6 SE2d 788) (1940) (attorney-client). Although Propounder and Testator were partners and tenants in common as to realty, this case does not involve a transaction undertaken by either with reference to their mutual business or real estate holdings. Compare *Fuller v. McBurrows*, 229 Ga. 422, 425 (1) (192 SE2d 144) (1972); *Crosby v. Rogers*, 197 Ga. 616, 622 (2) (30 SE2d 248) (1944). At issue here is Testator's own personal testamentary disposition of his individual interest in the partnership and the farm land. The right to make a will is a valuable one, and a stringent standard must be met to deprive a person of this power. *McConnell v. Moore*, 267 Ga. 839, 841 (483 SE2d 578) (1997). Thus, in the context of a will contest, evidence showing only that the deceased placed a general trust and confidence in the primary beneficiary is not sufficient to trigger the rebuttable presumption that undue influence was exercised. *King v. Young*, 222 Ga. 464, 467 (150 SE2d 631) (1966). Undue influence is

that "whereby the will of another is substituted for the wishes of the testator." OCGA § 53-4-12. Accordingly, in order to give rise to the rebuttable presumption that a will is the void product of undue influence, the evidence must show a confidential relationship wherein the primary beneficiary was capable of exerting the power of leadership over the submissive testator. See OCGA § 23-2-58; *Hudson v. Abercrombie*, 255 Ga. 376 (338 SE2d 667) (1986) (scrivener-testatrix); *Bryan v. Norton*, 245 Ga. 347, 348 (1) (265 SE2d 282) (1980) (clergyman-church member).

The fact that Propounder and Testator were brothers does not demonstrate the existence of such a confidential relationship. "If a confidential or fiduciary relation exists between brothers, it must be shown by proof, and the burden is upon the party asserting the existence of such relationship to affirmatively show the same." *Crawford v. Crawford*, 134 Ga. 114, 119 (1) (67 SE 673) (1910). Although the evidence does show that Propounder had the more dominant personality, the evidence did not demand a finding that Testator was less than an equal in their commercial and social dealings. Compare *Childs v. Shepard*, 213 Ga. 381 (1) (99 SE2d 129) (1957); *Sutton v. McMillan*, 213 Ga. 90, 94 (3) (97 SE2d 139) (1957). Because the evidence authorized the superior court, sitting as the trier of fact, to find that no confidential relationship existed between Testator and Propounder, a rebuttable presumption of the exercise of undue influence never arose. *King v. Young*, supra at 467. The direct and circumstantial evidence did not demand a finding that, contrary to the superior court's determination, Testator's will was the product of Propounder's actual undue influence. Therefore, the order admitting the will to probate must be affirmed. See *McConnell v. Moore*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 7, 1999 —
RECONSIDERATION DENIED JULY 6, 1999.

*Crumbley & Crumbley, R. Alex Crumbley, Jackson E. Cox II*, for appellants.

*Garland & Milam, Richard Milam*, for appellee.