S00A0380. HARVEY v. SULLIVAN.
(529 SE2d 889)

BENHAM, Chief Justice.

After Frances E. Sullivan's death, her nephew William E. Sullivan, appellee here, offered her will for probate. Appellant Harvey and another relative filed caveats. The other relative's caveat and Harvey's demand for jury trial were disallowed on procedural grounds. After hearing evidence, the trial court admitted the will to probate.

1. Conceding that he filed his demand for jury trial almost four years after filing his first caveat in this case, and recognizing that OCGA § 15-9-121 requires that demands for jury trial in probate court be filed in writing within 30 days after filing of a party's initial pleading, Harvey contends that application of the statute's "unrealistic" time requirement against a pro se party renders the statute unconstitutional as a denial of the constitutional right to a jury trial. However, no constitutional issue was presented to or ruled upon by the trial court, so that issue is not properly before us. *Cotton, Inc. v. Phil-Dan Trucking*, 270 Ga. 95 (1) (507 SE2d 730) (1998). We note, however, that this Court has held before that the right to a jury trial is not denied so long as a jury trial can be had "by compliance with reasonable conditions." *Davis v. Gaona*, 260 Ga. 450 (3) (396 SE2d 218) (1990), quoting *DeLamar v. Dollar*, 128 Ga. 57, 65 (57 SE 85) (1907). Harvey's only contention that the statutory time limit is unfair is based not on a contention of unreasonableness, but on his status as a pro se litigant. " '[P]ro se parties are generally bound by the same rules of practice and procedure as a lawyer.' [Cit.]" *Weber v. State*, 203 Ga. App. 356, 357 (416 SE2d 868) (1992). We find no error in the trial court's denial of Harvey's demand for a jury trial.

2. Harvey contends in two enumerations of error that the trial court erred in admitting the will to probate because the propounder of the will failed to produce the requisite witnesses to the will as required by OCGA § 53-5-21. One of the witnesses was dead, and the other had moved out-of-state. Interrogatories sent to that witness were completed, but the date placed on the answers by the notary preceded the date of the testatrix's death, which the trial court found to be a mistake by the notary. New interrogatories sent to the witness were returned without being completed. In accordance with OCGA § 53-5-24,[1] the propounder put on a series of witnesses who established their familiarity with the testatrix's signature and testified that the signature on the will was hers.

Harvey argues that OCGA § 53-5-24 is inapplicable to this case because it has not been shown that the living witness was inaccessible at the time the will was offered for probate, i.e., when the first petition for probate was filed. However, it was established by the interrogatories and by testimony that the witness was, in fact, inac-

---

[1] When it appears that a will cannot be proved as otherwise provided by law because at the time the will is offered for probate one or more of the subscribing witnesses to the will is dead or mentally or physically incapable of testifying or otherwise inaccessible, the court may admit the will to probate in common or solemn form upon the testimony in person or by affidavit or by deposition of at least two credible disinterested witnesses that the signature to the will is that of the individual whose will it purports to be or upon other sufficient proof of such signature. OCGA § 53-5-24.

cessible from the time the petition was filed until the trial. That being so, the basis for Harvey's enumerations of error is demonstrably invalid and we find no error in the trial court's conclusion that the signatures on the will were sufficiently proved.

3. Harvey contends the will should not have been admitted to probate because there was unrefuted evidence of forgery. The record does not support that contention.

The claim of forgery was based on Harvey's contention that when he first examined the copy of the will on record with the trial court, there was no signature by the testatrix on the first page, but that when he later looked at it, there was a signature. The trial court rejected the contention of forgery, noting that there were several copies of the will in the record and that the original and an onionskin copy both had the signature of the testatrix on the first page. There being no evidence of forgery to support Harvey's claim, the trial court's admission of the will to probate was not error on that ground.

4. Finally, Harvey contends that the will should have been denied probate because it was the result of Sullivan's undue influence over the testatrix.

[I]n the context of a will contest, evidence showing only that the deceased placed a general trust and confidence in the primary beneficiary is not sufficient to trigger the rebuttable presumption that undue influence was exercised. [Cit.] Undue influence is that "whereby the will of another is substituted for the wishes of the testator." [Cit.] Accordingly, in order to give rise to the rebuttable presumption that a will is the void product of undue influence, the evidence must show a confidential relationship wherein the primary beneficiary was capable of exerting the power of leadership over the submissive testator.

*Crumbley v. McCart*, 271 Ga. 274, 275-276 (517 SE2d 786) (1999). Although Harvey correctly argues that a caveat based on undue influence may properly be supported by circumstantial evidence, as such influence can seldom be shown except by circumstantial evidence (*Skelton v. Skelton*, 251 Ga. 631 (5) (308 SE2d 838) (1983)), the evidence presented at trial showed only that Sullivan and testatrix, as nephew and aunt, had a close and loving relationship. Harvey has pointed to no evidence at all that Sullivan actually exerted any undue influence over testatrix. "Evidence showing only an opportunity to influence and a substantial benefit under the will does not show the exercise of undue influence." *Quarterman v. Quarterman*, 268 Ga. 807 (2) (493 SE2d 146) (1997). The trial court did not err, under the evidence of record, in rejecting Harvey's claim of undue

influence. *Lowry v. Hamilton,* 268 Ga. 373 (2) (489 SE2d 827) (1997). *Judgment affirmed. All the Justices concur.*

DECIDED MAY 8, 2000.

*Harold J. Cronk,* for appellant.
*Robert R. Cook,* for appellee.