S01A1641. WHITE v. REGIONS BANK et al.
(561 SE2d 806)

BENHAM, Justice.

James Curtis Austin, the father of appellant Diane White, died on February 18, 1996. Mrs. White filed a caveat to the petition to probate Austin's will in probate court on the grounds that the testator lacked the requisite capacity to execute the January 16, 1996, will offered for probate, and that the will was the product of the undue influence of Austin's grandson and primary beneficiary, appellee Michael "Brad" Austin. Citing undue influence and lack of testamentary capacity, Mrs. White also filed a complaint in superior court in which she sought to invalidate a trust, a deed, and a bill of sale executed by the testator on the same day he executed the will to which Mrs. White had filed the caveat.[1] Appellee Regions Bank, formerly

---

[1] The trust created by the decedent in January 1996 was a revocable trust with the decedent as trustee and his grandson as beneficiary. The quitclaim deed transferred the .7-acre site of the decedent's convenience store to the trust, and the bill of sale transferred the tangible and intangible property of the store to the trust. In his will, the testator bequeathed his ownership interest in the convenience store to the trust. The will directed that the remaining assets of the testator's $2 million estate be sold and 30% of the proceeds be used to purchase an annuity for one of his surviving sons, 30% be used to purchase an annuity for appellant, and the remaining 40% be held in trust for the benefit of the testator's mentally-

known as First National Bank of Gainesville, was the executor of the contested will and the trustee of the testamentary trust established by the decedent. The probate matter was transferred to the superior court and the two cases were consolidated for trial. A jury returned a verdict in favor of the grandson and Regions Bank, and Mrs. White filed this appeal from the judgment entered by the trial court on the jury's verdict.

1. Appellant contends she is entitled to a new trial because of what she perceives to be a fatal flaw in the trial court's jury instruction on the presumption of undue influence when a person who is a primary beneficiary is in a confidential relationship with the benefactor. Georgia courts have often recognized that a presumption of undue influence arises where a confidential relationship existed between testator and beneficiary, with the testator being of weak mentality and the beneficiary occupying a dominant position. *Crumbley v. McCart*, 271 Ga. 274, 275 (517 SE2d 786) (1999). When the presumption arises, the burden is on the beneficiary to show there was no undue influence. Id. In the case at bar, the trial court informed the jury

> If you find a confidential relationship existed and you further find that there was a gift of realty and that the grantor was in a weakened mentality and feeble-minded, you may infer that there was undue influence, but you are not required to do so if the gift is satisfactorily explained.

We agree with appellant's contention that instructing the jury that it might *infer* undue influence rather than *presume* undue influence was erroneous. We also agree with appellant that her request to charge the jury that the beneficiary has the burden of showing the absence of undue influence once the presumption of undue influence arises was a correct statement of the law. Id.

Appellees contend any error in the jury instruction is not reversible error because appellant presented no evidence of the existence of a confidential relationship between Brad and his grandfather that would give rise to the presumption of undue influence.[2] A confidential relationship is one "where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another. . . ." OCGA § 23-2-58.

---

impaired adult son, with appellee Regions Bank serving as trustee.

[2] Because of the general jury verdict form used in this case, it is impossible to determine whether the jury based its verdict in appellees' favor on finding that no confidential relationship existed, or on finding the existence of a confidential relationship and then applying the erroneous jury instruction to that fact.

"[E]vidence showing only that the deceased placed a general trust and confidence in the primary beneficiary is not sufficient to trigger the rebuttable presumption that undue influence was exercised. . . . [I]n order to give rise to the rebuttable presumption . . . , the evidence must show a confidential relationship wherein the primary beneficiary was capable of exerting the power of leadership over the submissive testator." *Crumbley v. McCart*, [supra].

*Harvey v. Sullivan*, 272 Ga. 392, 394 (4) (529 SE2d 889) (2000). In the case at bar, there was evidence that Brad was listed as a signator on several of the testator's bank accounts, and Brad wrote checks on the testator's accounts for supplies for the testator's convenience store and farm; Brad stayed at the testator's home and helped care for him during his illness; Brad frequently drove the testator to medical appointments; Brad drove the testator to the office of the attorney who prepared the legal documents at issue; Brad was present during the testator's discussions with the attorney concerning the contents of the will, the trust, the deed, and the bill of sale; the testator was taking prescription medication that left him confused and, according to expert testimony, "would cause some impairment in your ability to reason and certainly understand complex things"; and appellant testified the testator was confused and delusional during the afternoon of the day he executed the documents. While the attorney who prepared the documents for the testator and the two persons who witnessed the testator's execution of the documents testified the testator showed no signs of mental impairment at the time of execution, inasmuch as there was some evidence from which the jury could conclude that the testator might be subjected to his grandson's power of leadership due to the effects the testator's medication had upon him, there was some evidence of the existence of a confidential relationship that could trigger the giving of the rebuttable presumption charge, making the error in the giving of that charge reversible error.

2. Since appellant also takes issue with several evidentiary issues that are likely to recur on re-trial, we address their merits. See *Davis v. State*, 272 Ga. 327 (6) (528 SE2d 800) (2000); *Vaughn v. Protective Ins. Co.*, 243 Ga. App. 79 (4) (532 SE2d 159) (2000).

(a) Appellant contends the trial court erred by refusing to permit appellant to present detailed evidence concerning the cost and level of daily care needed by her mentally-disabled brother. Mrs. White maintains the evidence went to the inquiry, appropriate when there are charges of undue influence and mental incapacity, "whether the provisions of the will are just and reasonable, and in accord with the state of the [testator's] 'family relations or the contrary.' [Cits.]" *Galloway v. Hogg*, 167 Ga. 502 (4) (146 SE 156) (1928). While the trial

court did not permit the "day in the life" evidence appellant wished to present, evidence of the disability suffered by the testator's son was admitted, as was evidence concerning the care he had been given by his parents before their deaths and by his sister afterward. "[T]he admission of evidence is generally committed to the sound discretion of the trial court 'whose determination shall not be disturbed on appeal unless it amounts to an abuse of discretion.' [Cit.]" *Cooper Tire &c. Co. v. Crosby*, 273 Ga. 454 (2) (543 SE2d 21) (2001). Since there was extensive evidence about the care afforded the testator's son and its cost, we cannot say the trial court abused its discretion when it declined to admit additional evidence on the subject.

(b) The trial court did not err when it refused to admit into evidence as a business record what was identified as a telephone message written by a nurse in the office of the testator's physician containing the contents of a telephone conversation between appellant and the nurse. "To admit a narrative report of an event, or a conversation, or a diagnosis, as a substitute for oral testimony, is to give . . . the right to use self-serving statements without the important test of cross-examination." *Martin v. Baldwin*, 215 Ga. 293, 299 (110 SE2d 344) (1959). See also *Brown v. State*, 274 Ga. 31 (1) (549 SE2d 107) (2001).

(c) Appellant sees error in the trial court's admission of the testimony of an attorney who represented the testator several years before he executed the documents in question. The witness testified about the testator's competence in 1994-1995 and his desire at that time to leave the convenience store to Brad and to ensure that there would be the financial resources necessary to provide care to the testator's mentally-impaired son. Appellant contends the attorney was incompetent to testify for or against her client, even after the client's death, when the attorney-client privilege had not been waived by the client. See OCGA § 24-9-25. However, appellant, a stranger to the attorney-client relationship between her father and the attorney/witness, did not have standing to invoke her father's attorney-client privilege. "The rule that communications between an attorney and [her] client are privileged, and that the attorney is an incompetent witness to testify thereto, can not be invoked for the benefit of other persons who are strangers to such relationship. [Cit.]" *Yarbrough v. Yarbrough*, 202 Ga. 391 (7) (43 SE2d 329) (1947). See also *Womack v. State*, 260 Ga. 305 (2) (393 SE2d 232) (1990), where this Court stated that "the rules of [OCGA § 24-9-25] may not be invoked by strangers to the attorney-client relationship." The trial court did not err.

For the reasons stated in Division 1, the judgment of the trial court is reversed and the case remanded to the trial court for a new trial.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 28, 2002.

*Caldwell & Watson, Harmon W. Caldwell, Jr., Christopher H. Elliott*, for appellant.

*Jon L. Weinberg, James M. Allison, Jr., Adam R. Gaslowitz & Associates, Adam R. Gaslowitz, Thomas W. Dworschak, Winn, Price & Winn, Barry R. Price*, for appellees.