A02A1169. PARKS et al. v. STEPP et al.
(579 SE2d 874)

MILLER, Judge.

Taylor Parks and Judy Parks filed a complaint in ejectment and for declaratory judgment against their neighbors Charles Stepp and Thomas Smith. The dispute concerned the location of Stepp and Smith's southern property boundary (which allegedly encroached upon the Parkses' northern property boundary). After a bench trial, the court found in favor of Stepp and Smith, ruling that they possessed superior title to the property in dispute. The Parkses appeal, arguing that the court erred in excluding certain evidence and in holding that a recorded sales contract established title to the disputed property.[1] We affirm.

The relevant facts are as follows. Allan and Cathy Ennis purchased a land lot (lot 16) from Card Associates and on January 30, 1978, recorded the sales contract and plat map describing the property. On April 22, 1985, a transfer and assumption agreement transferring lot 16 from the Ennises to Stepp and Smith was recorded. On April 6, 1985, Judy and Abraham Parks recorded a deed executed by Card Associates that conveyed to them an adjacent land lot (lot 17).[2] Abraham Parks quitclaimed lot 17 to Judy Parks, which deed was recorded on November 18, 1991. Judy Parks subsequently quitclaimed lot 17 to Taylor Parks but reserved a life estate for herself. The Parkses recorded this deed on September 21, 1998.

The Parkses, believing that Stepp and Smith were encroaching upon a portion of their lot, filed a complaint for ejectment and for

[1] The Parkses appealed to the Supreme Court of Georgia seeking review of the trial court's order that rejected their claim of ejectment. The Supreme Court transferred the case to this Court on the ground that it only involved a dispute over the location of a boundary line between adjacent landowners.
[2] Lot 17 was originally sold by Card Associates to Dorothy Hunter, who then assigned the property to Judy and Abraham Parks. Neither contract was recorded.

declaratory judgment. After a bench trial, the court ruled that because Stepp and Smith's predecessors in title recorded their sales contract before the Parkses' subsequently recorded deed, Stepp and Smith's legal description prevailed.

1. The Parkses challenge the trial court's ruling, arguing that since their deed was recorded first, they have superior title to the disputed property. On appeal we review the trial court's application of law to undisputed facts de novo. *Murdock v. Madison River Terminal*, 249 Ga. App. 608, 609 (547 SE2d 802) (2001).

Under OCGA § 44-2-6, the filing and recording of a contract to sell realty are notice of the "interest and equity of the holder of the instrument in the property described therein." Thus, the recordation of Stepp and Smith's assignor's contract was notice of their interest in lot 16 as described in the attachment to the contract. OCGA § 44-2-6 further provides that a "contract to sell or convey realty . . . shall lose its priority over deeds, . . . contracts to sell or convey realty . . . from the same vendor, obligor, or transferor, or assignor which is executed subsequently but filed for record first and is taken without notice of the former instrument." Here, in order for the contract between Stepp and Smith's predecessors and Card Associates for the sale of lot 16 to lose priority to the Parkses' deed, that deed must have been recorded first. This was not the case, however, as the contract was recorded on January 30, 1978, while the Parkses' deed was not recorded until April 6, 1985. As the sales contract for lot 16 was recorded first, that description prevails, and Stepp and Smith have superior title to any disputed property within the bounds of that description. Thus, the trial court did not err in its ruling.

2. The Parkses contend that the trial court erred in excluding evidence of a prior lawsuit in which their *southern* boundary line was determined to be farther north than the Parkses believed it to be. The decision whether to admit or exclude evidence is generally committed to the sound discretion of the trial court, whose determination shall not be disturbed on appeal unless it amounts to an abuse of discretion. *White v. Regions Bank*, 275 Ga. 38, 41 (2) (a) (561 SE2d 806) (2002). Since the admission of evidence concerning the Parkses' southern boundary line has no bearing here on the location of the northern boundary line separating their property from that of Stepp and Smith, we cannot say that the trial court abused its discretion in refusing to admit such evidence.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED MARCH 20, 2003 — 

*Robert P. McFarland*, for appellants.

*Germano & Kimmey, C. David Turk III, Henry L. Young, Jr.*, for appellees.