DECIDED MARCH 22, 2004.

*James G. Killough*, for appellants.
*Martin L. Fierman*, for appellee.

## S03G1007. PARKS et al. v. STEPP et al.
### (594 SE2d 364)

FLETCHER, Chief Justice.

This case involves a dispute between two adjoining landowners over ownership of a tract of land granted to both owners by a common grantor. One landowner claims ownership of the disputed land by having the first recorded instrument, a sales contract; the other claims ownership by being the first to record a deed. We granted certiorari to decide if OCGA § 44-2-6 gives priority to the holder of a recorded sales contract over a later recorded deed from a common grantor to a third party.[1] Finding that it does provided the conditions in the sales contract are met and a deed is delivered to the holder or his assigns pursuant to the contract, we affirm.

Land developer Card Associates, Inc., the common grantor of the property at issue here, owned land in Dawson County which it subdivided into lots. Appellees Charles Stepp and Thomas Smith claim ownership of Lot 16 through Allan and Cathy Ennis, who entered into a contract with Card Associates for the sale of Lot 16 on August 21, 1977. Attached to and incorporated into the contract is a plat of the property certified by a registered land surveyor. This contract with the attached plat was filed and recorded in the office of the clerk of the superior court of Dawson County on January 30, 1978. The Ennises transferred and assigned all of their rights and interest in the sales contract to appellees on April 12, 1985. The same day, Card Associates executed and delivered to appellees a warranty deed conveying Lot 16, which was recorded on April 24, 1985.

Appellants Taylor and Judy Parks claim ownership of Lot 17 through Dorothy Hunt, who entered into a contract with Card Associates for the sale of Lot 17 on August 15, 1977, a certified plat of the property also being attached to and incorporated into this contract. This contract, which was never recorded, was transferred and assigned by Hunt to Judy and Abraham Parks on November 17, 1980. Card Associates executed and delivered a warranty deed conveying Lot 17 to Judy and Abraham Parks on March 27, 1985, which

---

[1] *Parks v. Stepp*, 260 Ga. App. 431 (579 SE2d 874) (2003).

they recorded on April 6, 1985.[2]

A 2000 survey revealed that the metes and bounds descriptions of Lots 16 and 17 overlapped by 3.93 acres. In 2001, appellants filed a complaint in ejectment concerning the disputed land. The parties waived jury trial. During the bench trial, no evidence was presented showing that appellees had actual notice of Hunt's land contract or that appellees were aware of any boundary dispute when they purchased the property. Relying on OCGA § 44-2-6, the trial court found in favor of appellees because their predecessors-in-interest recorded their sales contract before appellants' predecessor-in-interest recorded either a sales contract or a deed. The Court of Appeals affirmed. We granted appellants' petition for a writ of certiorari.

1. (a) OCGA § 44-2-6 provides:

> Every bond for title, bond to reconvey realty, contract to sell or convey realty or any interest therein, and any and all transfers or assignments of realty shall be filed and recorded in the office of the clerk of the superior court of the county where the land referred to in the instrument is located. The filing and recording shall, from the date of filing, be notice of the interest and equity of the holder of the instrument in the property described therein. The filing and recording may be made at any time; but such bond for title, bond to reconvey realty, contract to sell or convey realty or any interest therein, and any transfer or assignment of realty shall lose its priority over deeds, loan deeds, mortgages, bonds for titles, bonds to reconvey realty, contracts to sell or convey realty or any interest therein and any transfer or assignment of realty from the same vendor, obligor, transferor, or assignor which is executed subsequently but filed for record first and is taken without notice of the former instrument.

We need look no further than the clear language of the statute to decide this case.[3] The statute explicitly provides that the filing and recording of the "contract to sell" shall "be notice of the interest and equity of the holder" from the date of filing and that a deed will only take priority over a bond for title or a contract to sell or convey realty from the same grantor if the deed is "filed for record first *and* is

---

[2] As part of the Parks's divorce proceedings, Abraham Parks conveyed the lot by quit-claim deed to Judy Parks, who subsequently quitclaimed her interest in the property to her son, co-appellee Taylor Parks, while reserving a life estate for herself.

[3] See, e.g., *Six Flags Over Ga. II, L.P. v. Kull*, 276 Ga. 210, 211 (576 SE2d 880) (2003) ("Where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden.").

taken without notice of the former instrument."[4] Appellants lose on both tests.

First, appellees have the first recorded instrument. The sales contract of appellees' predecessors-in-interest, the Enisses, was filed and recorded on January 30, 1978. The first recording made by appellants or their predecessor-in-interest was the deed from Card Associates, which was not recorded until April 6, 1985 — over seven years later. Second, the recording of the Ennises' sales contract put appellants on notice of the existing claim to the disputed land.

(b) Appellants contend that the Ennises' sales contract, as a bond for title, does not convey legal title to the property. Because appellants filed their deed before appellees filed their deed, they argue, appellants' deed has priority over appellees' claim of title.

Appellants are correct that appellees did not have full legal title to their property before the conditions of their sales contract were satisfied and their deed was executed and delivered. However, under OCGA § 44-2-6, priority can be established before full legal title is obtained. Under the statute, a recorded bond for title or other contractual arrangement for the purchase of land is sufficient to give notice that if the conditions in that contract are met, that purchaser will have superior title to those claiming under a deed that is subsequently recorded or taken with notice of the prior instrument. When the contractual conditions were met by appellees and, pursuant to the contract's terms, Card Associates executed and delivered a deed conveying the property to appellees, their deed, containing the same description of the land as in their sales contract, took priority over appellants' deed.

2. Appellants also contend that OCGA § 44-2-3,[5] not OCGA § 44-2-6, should govern this dispute. OCGA § 44-2-3, however, deals with voluntary conveyances — i.e., conveyances made without consideration to support them.[6] It is inapplicable because the parties paid valuable consideration for their lots. Further, that statute, as well as OCGA § 44-2-1,[7] deal only with deeds. In the present case, the prior-

---

[4] (Emphasis supplied.)
[5] OCGA § 44-2-3 provides that:
Every unrecorded voluntary deed or conveyance of land made by any person shall be void as against subsequent bona fide purchasers for value without notice of such voluntary deed or conveyance; provided, however, that, if the voluntary deed or conveyance is recorded in accordance with Code Section 44-2-1, it shall have priority over subsequent deeds or conveyances to the described land.
[6] *McDonald v. Taylor*, 200 Ga. 445, 449 (37 SE2d 336) (1946).
[7] OCGA § 44-2-1 provides that:
Every deed conveying lands shall be recorded in the office of the clerk of the superior court of the county where the land is located. A deed may be recorded at any time; but a prior unrecorded deed loses its priority over a subsequent recorded deed from the same vendor when the purchaser takes such deed without notice of the

ity dispute is between a sales contract and a deed, and thus OCGA § 44-2-6 governs.

For the reasons above, we affirm.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 22, 2004.

*Robert T. McFarland*, for appellants.
*Henry L. Young, Jr., C. David Turk II*, for appellees.

---

existence of the prior deed.