S05A0656. GLAZE v. LEMASTER.
(613 SE2d 617)

HUNSTEIN, Justice.

After executor Eric Lemaster propounded the will of Lillie Payne, George Glaze filed a caveat contending, inter alia, that the will was invalid because it was not properly executed, that Payne lacked the requisite testamentary capacity and that the will was not freely and voluntarily executed. After a bench trial the probate court rejected the caveat and found the will to be valid. Because the evidence adduced supports the probate court's judgment, we affirm.

1. Appellant contends that the will was not properly executed because Payne did not follow the procedure set forth in the attestation clause. Although that clause recited that Payne signed the will in the presence of both witnesses and that both witnesses signed in the presence of each other, the uncontroverted evidence established that only one witness, Cavenaugh, was present when Payne signed the will[1] and that Clark later signed as a witness after Payne sought him out, presented him with the signed will and informed him it was her will.[2] " 'It is not the writing that makes the will legal and binding, but the testamentary intent crystallized and expressed in the writing.' [Cit.]" *Hickox v. Wilson*, 269 Ga. 180, 181 (496 SE2d 711) (1998). We agree with the probate court that Payne's testamentary intent here was clear and that her deviation from the procedure set forth in the attestation clause does not serve in itself to invalidate the execution of the will. Id.

2. In support of his argument that Payne lacked the requisite testamentary capacity, appellant points to evidence that within weeks of signing the will, Payne was hospitalized in a confused mental state, which subsequently required the appointment of a guardian. However, the probate court was authorized to credit the testimony of the signing witnesses that Payne possessed the requisite capacity at the time she and they signed the will, as well as appellee's testimony that while Payne's mental condition was normal when she executed the will, it underwent a dramatic and permanent change for the worse some weeks later when Payne fell in her home and hit her head, requiring her hospitalization. "A trial court's factual findings in a non-jury trial may not be set aside unless clearly erroneous. [Cits.] Where, as here, the findings of the probate court are supported by any evidence, they will not be disturbed on appeal. [Cit.]" *Fletcher v. Ellenburg*, 279 Ga. 52, 56 (1) (609 SE2d 337) (2005).

3. Contrary to appellant's arguments, Payne's disparaging comments about appellee made after the mental decline that followed her fall did not conclusively rebut the evidence presented at trial and credited by the probate court that at the time the will was executed, Payne knew the contents of her will and validly expressed her testamentary wishes through that document when she left her estate

---

[1] Cavenaugh, a law school graduate, testified that he informed Payne that the procedure she was following in signing and obtaining witness signatures for her will deviated from the procedure set forth in the will, yet Payne nevertheless chose to proceed in that fashion.

[2] Although Clark's testimony was conflicting, we conclude based on our review of his testimony that the court was authorized to find that Payne conveyed to Clark "in some manner" that the document was her will. We agree with the probate court that there are "no magic words that must be uttered in order for one to acknowledge his/her signature." Accord *Shewmake v. Shewmake*, 144 Ga. 801, 815 (3) (87 SE 1046) (1916). See also *Miles v. Bryant*, 277 Ga. 362 (1) (589 SE2d 86) (2003).

to appellee's teenaged son, with whom she had had a close relationship since he was a child.

4. Appellant contends the trial court erred by finding that Payne executed her will freely and voluntarily because appellee exercised undue influence over Payne based on their "confidential relationship." We disagree. The trial testimony of the subscribing witnesses supports the probate court's finding that Payne's will was freely and voluntarily executed. See *Ashford v. Van Horne*, 276 Ga. 636 (3) (580 SE2d 201) (2003). Appellant's claim of a confidential relationship is based on evidence that appellee thought of Payne as a sister, visited her three times weekly and took care of her on a regular basis. However, the evidence also showed that at the time the will was executed, Payne resided alone in her own home, paid her own bills, drove herself to various places and handled the rental of a storage unit to hold her belongings because she had purchased new carpeting for installation in her home. There was no evidence that appellee " 'was exercising such force or duress that [appellee] destroyed [Payne's] free agency, substituting [his] will for [her] own.' . . . [Cit.]" Id. at 638 (3). See also *Holland v. Holland*, 277 Ga. 792, 793 (2) (596 SE2d 123) (2004) (confidential relationship is one " 'where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another' ").

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 23, 2005.

*Glaze, Harris, Arnold & Mack, Robert L. Mack, Jr.*, for appellant. *Joseph M. Todd*, for appellee.