S06A0045. SMITH v. LINEY.
(631 SE2d 648)

SEARS, Chief Justice.

This case involves a contest over the will of Patty Scherzer, who died on September 30, 2003. On July 29, 2003, Ms. Scherzer executed a will that left the appellant, Ralph Smith (Scherzer's son), only a few personal items and left the bulk of the estate to the appellee, Sherry Liney (Scherzer's daughter). Liney petitioned to admit the July 29, 2003, will to probate, and Smith filed a caveat on the grounds that Scherzer lacked testamentary capacity and that the will was the result of the undue influence of Liney. After a jury was unable to reach a verdict, the trial court granted Liney's motion for judgment notwithstanding the verdict (j.n.o.v.) on the issues of testamentary

capacity and undue influence.[1] Smith has now filed this appeal. He does not contest the grant of the j.n.o.v. on the issue of testamentary capacity, but does contest it on the issue of undue influence. For the reasons that follow, we affirm.

For undue influence to be sufficient to invalidate a will, it must amount to deception or force and coercion that operates on the testatrix when she is executing her will so that the testatrix is deprived of free agency and the will of another is substituted for that of the testatrix.[2] "Evidence showing only an opportunity to influence and a substantial benefit under the will does not show the exercise of undue influence."[3] " 'To set aside a will and thus deprive a person of the valuable right to make a will, a stringent standard must be met.' "[4]

In the present case, we conclude that all reasonable inferences from the evidence demand a finding that, under the foregoing standards, Scherzer's will was not the result of the undue influence of Liney, and that the trial court's grant of the j.n.o.v. was proper.[5] The attorney who prepared Scherzer's will testified that he discussed the contents of the will only with Scherzer; that Liney did not participate in those discussions; that Scherzer had no doubt about what provisions she wanted in the will; and that Liney was not present for and did not participate in the execution of the will. Moreover, the attorney, the attorney's paralegal, and several friends testified that they never saw any indication that Liney attempted to influence Scherzer, and there was no evidence to the contrary. In addition, the record establishes that Liney did not isolate Scherzer, but that, instead, hospice personnel, friends, and, on occasion, family[6] frequented Scherzer's house between July 13, 2003, when Liney came to live with Scherzer, and July 29, the day Scherzer executed her will. Also, there is no evidence in the record that Liney practiced any deception or any force and coercion on Scherzer. Although the evidence shows that Liney

---

[1] During trial, Liney moved for a directed verdict on these issues, but that motion was denied by the trial court.

[2] *Curry v. Sutherland*, 279 Ga. 489, 490 (614 SE2d 756) (2005); *Holland v. Holland*, 277 Ga. 792, 795 (4) (596 SE2d 123) (2004).

[3] *Curry*, 279 Ga. at 490, quoting *Holland*, 277 Ga. at 793 (2).

[4] *Holland*, 277 Ga. at 795, quoting *Kendrick-Owens v. Clanton*, 271 Ga. 731, 732 (524 SE2d 237) (1999).

[5] The grant of a j.n.o.v. is appropriate when " 'the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict.' " *Wilson v. Lane*, 279 Ga. 492, 494 (614 SE2d 88) (2005), quoting *Pendley v. Pendley*, 251 Ga. 30, 30 (302 SE2d 554) (1983).

[6] The evidence shows that Smith visited his mother from July 11-13, 2003; for three days during the first week of August; and over Labor Day weekend in September. The evidence also shows that Smith's wife visited Scherzer from July 17-22 and stayed in Scherzer's house; that Smith's wife saw an attorney come to the house; and that Smith's wife got the mail one day, saw a large package from an attorney addressed to Scherzer, and took the package to Scherzer.

had an opportunity to influence Scherzer, a mere opportunity to influence, even when coupled with a substantial benefit under the will, is insufficient to establish undue influence. Finally, no presumption of undue influence arises in this case, as the evidence shows that Liney was the natural object of Scherzer's bounty[7] and as there is no evidence that Liney actively participated in preparing Scherzer's will.[8]

In summary, all reasonable inferences from the evidence show that Liney did not exercise influence over Scherzer to the extent that Liney destroyed Scherzer's free agency and forced her to execute the will against her desire not to do so.[9]

For the foregoing reasons, we affirm the trial court's grant of the j.n.o.v.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 12, 2006.

*Harold J. Cronk,* for appellant.
*Gannam & Gnann, J. Hambrick Gnann, Jr.,* for appellee.

---

[7] Various witnesses testified that Scherzer was extremely close to Liney, had a longstanding anger and dissatisfaction with Smith, and expressed her desire to leave her estate to Liney.

[8] A "presumption of undue influence . . . arises when a confidential relationship exists between the testatrix and a beneficiary who is not the natural object of her bounty and who takes an active part in the preparation of her will." *McConnell v. Moore,* 267 Ga. 839, 840 (483 SE2d 578) (1997).

[9] See *Curry,* 279 Ga. at 490-491; *Holland,* 277 Ga. at 793.