S07A1353. BARBER et al. v. HOLMES.
(653 SE2d 448)

MELTON, Justice.

Corrine V. Barber (Testatrix) died testate on June 22, 2005, leaving the bulk of her estate to her youngest child, Alecia Holmes. On August 20, 2005, Holmes offered the will for probate, and, on October 21, 2005, Testatrix's four older children, Etta Varnadoe, Anna Ryals, Jacob Barber, and Alec Barber (the Barber Children), filed a caveat, contending that the will was invalid due to undue influence. After the probate court granted the Barber Children's caveat, Holmes ap-

---

pealed to the superior court and filed a motion for summary judgment. The superior court granted Holmes' motion, finding no issues of fact remaining regarding the Barber Children's claims. This appeal followed.

Viewing the evidence in the light most favorable to the Barber Children, the record shows that the Barber Children were the product of Testatrix's marriage to Tommy Barber. Holmes, however, was the product of Testatrix's relationship with William Adams following her divorce from Tommy Barber. In support of their claims of undue influence, the Barber Children testified that, when they were children approximately 30 to 40 years ago, Adams terrorized them through physical and sexual abuse, dominated their mother to the point of complete submission, and showed extreme favoritism towards his own daughter, Holmes. The Barber Children testified that, until her death, Testatrix remained committed to Adams, despite the fact that they no longer lived together. In addition, Jacob Barber submitted an affidavit in which he stated that Testatrix, on her deathbed approximately two years after executing the will in question, told him that Adams and Holmes harassed her into disinheriting everyone except Holmes; that Testatrix could not resist the constant pressure placed upon her by Adams and Holmes, including pressure on her on the day the will was executed; that Holmes and Adams drove her to her attorney's office; and that Testatrix was adamant that she had been forced to make a will that did not reflect her wishes.

This evidence provides no valid proof of undue influence. To be sufficient to invalidate a will, undue influence must reach the level of "deception or force and coercion operating on the [T]estat[rix] at the time of execution such that the [T]estat[rix] is deprived of free agency." *Holland v. Holland*, 277 Ga. 792, 793 (2) (596 SE2d 123) (2004). None of the admissible evidence presented by the Barber Children showed that Testatrix was operating under undue influence at the time that she executed her will. As the trial court found, the Barber Children's testimony, at best, showed that Adams, who is not a beneficiary, exerted some level of influence over Testatrix decades before she signed her will, not at the time of its execution. This evidence falls far short of showing any type of influence over Testatrix at the time the will was signed.[1] *Holland*, supra.

---

[1] The undisputed evidence actually shows that, at the time that Testatrix executed her will, she was in her attorney's office, accompanied only by her attorney and witnesses. Neither Adams nor Holmes was there for the execution ceremony. Before signing the document, Testatrix represented that she understood the will and it reflected her wishes at that time.

Jacob Barber's affidavit does not change this result, as it consisted of inadmissible hearsay statements made by Testatrix years after signing her will.[2] Post-execution statements of a testatrix

> tending to show that the paper propounded had been prepared in accordance with [her] wishes and that [s]he was satisfied with it [are] admissible in evidence. [Cit.] On the other hand, declarations to the contrary, offered for the purpose of invalidating the paper as a will [are] not admissible.

*Jones v. Grogan*, 98 Ga. 552, 557 (7) (25 SE 590) (1896). Furthermore,

> [p]arol evidence of declarations of a testator made shortly after the execution of a will, expressing dissatisfaction with the will, is admissible, not to show . . . that undue influence was actually exercised, but for the purpose of showing the state of the testator's mind, and that she was in a condition to be easily influenced.

(Citation omitted.) *Reid v. Wilson*, 208 Ga. 235, 237-238 (3) (65 SE2d 913) (1951). Therefore, even if Jacob Barber's affidavit could be used to show that Testatrix was in a condition to be easily influenced, the Barber Children failed to present any proper evidence that Testatrix was acting under any undue influence *at the time that she executed her will*. As a result, the trial court properly granted summary judgment to Holmes.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 29, 2007 —
RECONSIDERATION DENIED DECEMBER 13, 2007.

*D. Duston Tapley, Jr.*, for appellants.
*Reid A. Threlkeld*, for appellee.

---

[2] Although the trial court does not directly address this evidence in its ruling, the trial court did indicate that it took into consideration the "case file," which would have included this material. Therefore, we must assume that the trial court properly considered this evidence in reaching its decision. *General Motors Corp. v. Walker*, 244 Ga. 191, 193 (259 SE2d 449) (1979).