S07A0835. TUTTLE v. RYAN et al.

(653 SE2d 50)

Hunstein, Presiding Justice.

When Porter Morrison Ryan ("Ryan") died in December 2003, she was survived by her daughter, appellant Mary Frances Tuttle, and two grandchildren, appellees Anthony V. Ryan III and Dawn Galloway, the children of her son Anthony V. Ryan, Jr. Appellant petitioned to probate a will executed by Ryan in 1956; appellees filed a caveat, contending that the 1956 will had been revoked by a will executed in 1999. Appellees petitioned to probate the 1999 will and appellant filed a caveat, challenging Ryan's testamentary capacity. After a bench trial in October 2005, the probate court admitted the 1999 will into probate and appellant filed this appeal. Because there is evidence to support the probate court's judgment, we affirm.

> [Ryan] possessed the mental capacity to make a will if she understood that a will had the effect of disposing of her property at the time of her death, was capable of remembering generally what property was subject to disposition by will and remembering those persons related to her, and was capable of expressing an intelligent scheme of disposition.

(Citation omitted.) *Quarterman v. Quarterman*, 268 Ga. 807 (1) (493 SE2d 146) (1997). "The controlling question is 'whether [Ryan] had sufficient testamentary capacity *at the time of executing the will.*' [Cit.]" (Emphasis in original.) *Ashford v. Van Horne*, 276 Ga. 636, 637 (1) (580 SE2d 201) (2003). Testimony from the attorney who prepared and witnessed the self-proved will, see OCGA § 53-4-24, an associate who also witnessed Ryan's execution of the will, and the legal secretary who was present and notarized the will supported the probate court's finding that Ryan possessed the necessary testamentary capacity at the time the 1999 will was executed.

A trial court's factual findings in a non-jury trial may not be set aside unless clearly erroneous. Where, as here, the

findings of the probate court are supported by any evidence, they will not be disturbed on appeal.

(Citations omitted.) *Glaze v. Lemaster*, 279 Ga. 361, 362 (2) (613 SE2d 617) (2005).
*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 5, 2007.

*Savage, Turner, Pinson & Karsman, Christopher D. Britt*, for appellant.
*Lewis, Owens & Mulherin, George L. Lewis*, for appellees.