S08A1844. LIPSCOMB et al. v. YOUNG.

(672 SE2d 649)

HUNSTEIN, Presiding Justice.

Appellants Demory and Jimmy Lipscomb appeal from the probate court's award of summary judgment in favor of appellee Malinda Young in this challenge to the Last Will and Testament of

the parties' mother, Willie Mae Lipscomb ("testator"). Finding no error in the probate court's disposition, we affirm.

On April 27, 2004, testator executed a will providing, in the event her husband predeceased her, for her entire estate to be left to appellee, one of her daughters. Testator died in June 2007, having been predeceased by her husband. Thereafter, appellee petitioned to probate the will. Appellants filed a caveat, alleging that the will should be invalidated because testator had been under the undue influence of appellee at the time of its execution. Specifically, appellants asserted that testator had previously executed a will that distributed her estate equally among her five children; that she was in a depressed emotional state over her husband's terminal illness at the time she executed the will; that she was vulnerable to appellee's influence as the result of appellee's role in stewarding her health care and finances and assisting with her daily needs; that appellee intimidated testator and often pressured her to acquiesce to her wishes; and that testator had told her sister that she wanted to divide her estate among all her children. Appellants further adduced evidence that appellee drove testator to the appointment at which the will was drafted and executed, was present at its execution, and paid for the will with cash that testator had given her, and further that appellee was the only member of the family who had any knowledge about the existence of the April 2004 will.[1]

"Summary judgment [is] proper only if, construing the evidence most favorably for [appellants], no genuine issue of material fact remains as to whether [t]estator's will was the product of . . . undue influence." *Harper v. Harper*, 274 Ga. 542, 544 (1) (554 SE2d 454) (2001). Undue influence sufficient to invalidate a will "must amount to deception or force and coercion that operates on the testatrix when she is executing her will so that [she] is deprived of free agency and the will of another is substituted for [hers]." (Footnote omitted.) *Smith v. Liney*, 280 Ga. 600, 601 (631 SE2d 648) (2006). "Evidence showing only an opportunity to influence and a substantial benefit under the will does not show the exercise of undue influence. [Cit.]" *Holland v. Holland*, 277 Ga. 792, 793 (2) (596 SE2d 123) (2004).

In this case, there is simply no evidence that appellee exerted any influence whatsoever with respect to the making of the April 2004 will. Though appellee drove testator to her attorney's office and was present when the will was executed, there is no evidence that appellee had any involvement in the decision to create the will or any

---

[1] While appellants also alleged in their caveat that testator had lacked testamentary capacity when executing the will and that the signature appearing on the will was forged, the probate court found both of those allegations to have been abandoned, a finding that appellants do not challenge.

input into its contents.[2] In fact, appellants both testified on deposition that they had no specific evidence indicating that appellee was involved in any way in the drafting of the will. The evidence adduced by appellants regarding appellee's purported intimidation of and threats to testator is likewise devoid of any specific link, temporal or otherwise, to the creation or contents of the will. See *Dean v. Morsman*, 254 Ga. 169, 173 (2) (327 SE2d 212) (1985) (evidence of undue influence over testator at another time will not invalidate will).

Given the absence of evidence that appellee attempted to exert any influence specifically with respect to the will, the fact that testator may have been in a fragile emotional state at the time of the will's execution is of little relevance. Compare *Trotman v. Forrester*, 279 Ga. 844 (621 SE2d 724) (2005) (testator's weakened mental state relevant where beneficiary was directly involved in making of will). Further, despite appellants' efforts to highlight the "confidential relationship" resulting from appellee's role in attending to testator's daily needs, such relationship is of scant probative value on the issue of undue influence given that appellee was, as testator's daughter, a natural object of her bounty. See *Holland*, supra, 277 Ga. at 793 (2) (presumption of undue influence arises where beneficiary maintaining confidential relationship with testator "is not a natural object of the maker's estate"). The fact that testator may have previously executed a will making provision for all five of her children is of no consequence given that the will executed in April 2004 specifically revoked all prior wills, and the evidence to the effect that testator had told her sister she wanted to divide her estate equally among her children is similarly non-probative, not only because there is no evidence as to when such statements were made, but also because such declarations would in any event be inadmissible to prove the exercise of undue influence. See *Harper*, supra, 274 Ga. at 545 (3) ("'declarations of a testator . . . are not admissible to prove the actual fact of . . . an improper influence by another'").

Because appellants failed to come forth with any evidence that appellee attempted to influence the making or the contents of testator's will, the probate court's award of summary judgment to appellee as to appellants' caveat was proper and is hereby affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 26, 2009.

---

[2] To the contrary, the estate planning lawyer who drafted the will attested by affidavit that appellee was not present during any of his discussions with testator regarding the contents of the will and had no involvement in the planning or preparation of the will.

*McGee & Oxford, Donald L. Cook,* for appellants.
*Orr & Orr, E. Wycliffe Orr, Sr., Spence Johnson,* for appellee.