### S10A0991. LAWSON et al. v. LAWSON.
(701 SE2d 180)

HUNSTEIN, Chief Justice.

Appellants John and Jason Lawson are the son and grandson of Syble Lawson, who died in December 2005 at age 73. Her June 2004 will left her entire estate to her other son, appellee Christy "Chris" Lawson; he was also named her executor. Appellants filed a caveat to the probate of this will as did Danny Newton (not a party to this appeal), who lived with testator for the last ten years of her life. Appellants asserted, inter alia, that the 2004 will was the product of undue influence, and Newton petitioned the probate court to probate a document purporting to be testator's 2000 will, under which Newton was left a life estate in testator's realty and the remainder interest went to appellant Jason Lawson, along with certain other bequests. After a hearing, the probate court established the 2004 will as testator's last will and testament and held the 2000 will to be revoked. Appellants and Newton then appealed to the superior court, which, after a hearing, granted appellee's motion for summary judgment. Appellants filed this direct appeal. See OCGA § 5-6-35 (a) (1) (exempting from application procedures any appeal from a superior court reviewing a decision of a probate court).

1. Appellants contend genuine issues of material fact exist as to whether testator's 2004 will was the product of undue influence.

> "Summary judgment [is] proper only if, construing the evidence most favorably for [appellants], no genuine issue of material fact remains as to whether [t]estator's will was the product of . . . undue influence." *Harper v. Harper*, 274 Ga. 542, 544 (1) (554 SE2d 454) (2001). Undue influence sufficient to invalidate a will "must amount to deception or force and coercion that operates on the testatrix when she is executing her will so that [she] is deprived of free agency and the will of another is substituted for [hers]." (Footnote omitted.) *Smith v. Liney*, 280 Ga. 600, 601 (631 SE2d 648) (2006). "Evidence showing only an opportunity to influence and a substantial benefit under the will does not show the exercise of undue influence. [Cit.]" *Holland v. Holland*, 277 Ga. 792, 793 (2) (596 SE2d 123) (2004).

*Lipscomb v. Young*, 284 Ga. 835, 836 (672 SE2d 649) (2009).

The uncontroverted evidence established that it was Newton, not appellee, who lived with testator, although appellee phoned her every day and visited her several times each week after he reconciled his differences with testator upon learning of her illness. Regarding the June 2004 will, appellee drove testator to the attorney's office but was not present when the will was executed. Other than contacting the attorney at testator's direction, there is no evidence that appellee had any involvement in the decision to create the will or any input into its contents. The attorney who prepared the 2004 will had known testator for approximately 40 years and was the same attorney who drew up wills for her in 1984 and 1995. The terms of the 2004 will were substantially the same as those earlier wills and another one executed by the testator in 1980, in that each will left testator's estate to appellee, who, as her son, was a natural object of her bounty. See *Holland v. Holland*, supra, 277 Ga. at 793 (2) (presumption of undue influence arises where substantial beneficiary maintaining confidential relationship with testator "is not a natural object of the maker's estate"). The attesting witnesses and testator's attending physician testified as to testator's testamentary capacity and the voluntariness of her execution of the will. Every witness who was questioned on the subject acknowledged testator's strong will and mental soundness, stating, e.g., that she was mentally "sharp as a tack till she died" and that "[i]t would be real hard to convince her to do something that she didn't want to do." The fact that testator may have previously executed a will providing for Newton and appellant Jason Lawson is of no consequence given that the will executed in June 2004 specifically revoked all prior wills, see *Lipscomb v. Young*, supra, 284 Ga. at 837, and testimony about testator's declarations regarding her intent to provide for Newton are inadmissible to prove the exercise of undue influence. Id. (declarations of a testator are not admissible to prove the actual fact of an improper influence by another). Moreover, the evidence was uncontroverted that testator had been estranged from appellant John Lawson for years. See *Sims v. Sims*, 265 Ga. 55, 56 (452 SE2d 761) (1995) (testator's choice of one relative rather than another as the favored beneficiary is an insufficient reason alone to deny probate to a will).

The evidence established uncontrovertedly that testator was a strong-willed and determined individual who remained lucid and in control until the end of her life and who had a decided and rational desire as to the disposition of her property. OCGA § 53-4-11 (a). Because appellants failed to come forth with any evidence that appellee attempted to influence the making or the contents of testator's will, the award of summary judgment to appellee was proper.

2. The record does not support appellants' contention that an improper appellate standard was used by the trial court.

3. Contrary to appellants' argument, the trial court's footnote about testator leaving Newton a $50,000 Certificate of Deposit in her will was not a factual finding upon which its grant of summary judgment was based. See Division 1, supra. Moreover, the trial court's statement was consistent with Item V in the will that "bonds, bank accounts, savings accounts and similar property . . . which are by their terms payable upon my death to another person shall be the sole property of that person."

*Judgment affirmed. All the Justices concur.*

## DECIDED OCTOBER 18, 2010.

*Ronald W. Hallman*, for appellants.
*Hall & Kirkland, Joseph M. Hall, Brown, Rountree & Stewart, George H. Rountree, Jesse A. Van Sant*, for appellees.