S12A1458. AMERSON v. PAHL.
(734 SE2d 399)

HUNSTEIN, Chief Justice.

Testator William Jackson Dunaway executed his Last Will and Testament in February 2010, leaving his entire estate to his only sister, Virginia Pahl. Following Dunaway's death, Appellee Stephen Pahl, Virginia's son, petitioned to probate Dunaway's will. Appellant Reva Viola Amerson, a longtime close friend of Dunaway, filed a caveat challenging the validity of the will and claiming that an earlier will executed by Dunaway in 1994 remained in effect. After a bench trial, the probate court granted Pahl's petition, finding the 2010 will to be valid. Amerson appeals, maintaining that the 2010 will is invalid due to lack of testamentary capacity and undue influence. Finding no error, we affirm.

1. Because the power to make a will is a valuable right, a stringent standard must be met to set aside a will and thereby deprive the maker of that right. *Holland v. Holland*, 277 Ga. 792 (4) (596 SE2d 123) (2004) (reversing judgment on verdict denying probate where "stringent standard" not satisfied). Where a probate court's findings in a non-jury trial are supported by any evidence, this Court is bound to affirm them on appeal. *Tuttle v. Ryan*, 282 Ga. 652 (653 SE2d 50) (2007). Assessed under this highly deferential standard, we have no difficulty in affirming the probate court's finding of testamentary capacity.

As we have noted, a testator possesses testamentary capacity so long as he

> understands that he is executing a document that will dispose of his property after death, is capable of remembering the property that is subject to his disposition and the persons related to him by blood and affection, and has sufficient intellect to enable him to have a decided and rational desire as to the disposition of his property.

*Prine v. Blanton*, 290 Ga. 307, 308 (1) (720 SE2d 600) (2012) (citations and punctuation omitted); see OCGA § 53-4-11 (a). The maker's testamentary capacity is assessed at the time the will is executed. *Prine*, 290 Ga. at 308 (1). In this case, the testimony of the drafting attorney, one of the witnesses to the will, and the attorney who notarized the will all support the conclusion that, at the time the will was executed, Dunaway understood the consequences of his actions in executing the will, despite the fact that he suffered from some level of dementia. See id. (subscribing witnesses' testimony constituted prima facie evidence of testamentary capacity). Specifically, these witnesses affirmed that Dunaway understood that he was making a will; knew that his will would dispose of his goat farm and other property after his death; and intended that his only sister, who lived on his property and with whom he had a close relationship, would inherit such property. There was thus no error in the probate court's finding of testamentary capacity.

2. Likewise, the evidence supported the probate court's finding that Dunaway's will was not the product of undue influence. "To invalidate a will, undue influence must amount to deception or coercion that destroys the testator's free agency." *Prine*, 290 Ga. at 310 (2). The testimony of those who witnessed the execution of the will supports the finding that Dunaway executed it freely and voluntarily. See *Glaze v. Lemaster*, 279 Ga. 361 (4) (613 SE2d 617) (2005) (affirming probate court's finding of no undue influence based on testimony of subscribing witnesses). Given that Virginia Pahl was Dunaway's closest living relative, the fact that she facilitated Dunaway's making of the will under which she was the sole beneficiary does not by itself establish that she exercised undue influence. See *Holland*, 277 Ga. at 793 (2) (reversing finding of undue influence where evidence showed merely that primary beneficiary, who was testator's son, had *opportunity* to influence will). Nor does the involvement of Dunaway's pastor in the creation of the will give rise to a presumption of undue influence, as the pastor himself received no benefit under the will. See id. (noting circumstances in which a person in a "confidential relationship" with the testator may be presumed to have exercised undue influence). In short, the evidence supports the trial court's finding that the will was not the product of undue influence and, therefore, we affirm.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 19, 2012.

*Lanford, Smith & Kapiloff, Charles A. Lanford, Jr., Kathryn S. Seabolt,* for appellant.

*Fox & Smith, John P. Fox*, for appellee.